**TAYLOR v. UNITED STATES FIDELITY & GUARANTY CO.  (No. 796—4456.)***

(Commission of Appeals of Texas, Section A. May 5, 1926.)

**1. Evidence ⬡≈258(1)—Agent's statement that keeping of jewelry in hotel would not affect insurance held incompetent, in absence of evidence of authority to waive or alter provisions of policy (Vernon's Sayles' Ann. Civ. St. 1914, art. 4961).**

In absence of evidence that one sent by insurance agents to deliver rider and collect premium therefor had authority to waive or alter provisions of burglary and theft policy, his statement that fact that jewelry, theft of which from insured's residence was insured against, was being kept in hotel, would not affect insurance, was incompetent; Vernon's Sayles' Ann. Civ. St. 1914, art. 4961, being inapplicable.

**2. Insurance ⬡≈375(1)—Insurer against loss of jewelry by theft from described residence is not liable for loss occurring at hotel.**

Insurer against loss of jewelry by burglary or theft from described residence cannot be held liable for loss occurring at hotel where it was kept, in absence of showing that agent's statements that such fact would not affect insurance were chargeable to insurer.

**3. Appeal and error ⬡≈175—Conversation, relied on as waiver of policy provision limiting liability, cannot be considered, in absence of allegations of waiver predicated thereon.**

In absence of allegations of waiver of policy provision limiting liability, except as predicated on conversation with one sent to deliver rider, evidence of waiver in conversation at soliciting agents' office between her and man in charge thereof cannot be considered.

**4. Appeal and error ⬡≈843(2)—In absence of evidence that agent making statements relied on as waiver of policy provision was insurer's soliciting agent, Court of Civil Appeals' holding on such assumption respecting statutory provisions cannot be reviewed (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4955, 4968).**

In absence of evidence that agent making statements relied on as waiver of policy provision was insurer's soliciting agent, holding of Court of Civil Appeals on such assumption in respect to provisions of Vernon's Sayles' Ann. Civ. St. 1914, arts. 4955, 4968, cannot be reviewed.

**5. Appeal and error ⬡≈1177(7)—Rendering judgment for insurer instead of remanding cause for new trial, on reversing judgment for insured for lack of evidence of agent's authority to waive or alter policy provision, held error.**

In absence of evidence that agent had authority to waive or alter policy provision limiting liability Court of Civil Appeals properly reversed judgment for insured, but erred in rendering judgment for insurer instead of remanding cause for new trial.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by Roy A. Taylor against the United States Fidelity & Guaranty Company. Judgment for plaintiff was reversed, and judgment rendered for defendant, by the Court of Civil Appeals (273 S. W. 320), and plaintiff brings error. Judgment of Court of Civil Appeals affirmed in part, reversed in part, and cause remanded for new trial.

See, also, 253 S. W. 1109.

Taylor & Taylor, of Wichita Falls, for plaintiff in error.

Seay, Seay, Malone & Lipscomb, of Dallas, for defendant in error.

HARVEY, P. J. This suit was brought by Roy A. Taylor, the plaintiff in error, against the United States Fidelity & Guaranty Company, who will be designated herein as the defendant company, to recover upon a certain burglary insurance policy for the sum af $5,000. The said policy was issued on January 19, 1920, by the defendant company through its duly authorized agent Lowery, Finch & Co., a partnership firm composed of Lowery, Finch, Belcher, and Sibley. Said firm, at the time the policy was issued and during the balance of that year, was the agent of the defendant company, with headquarters at Wichita Falls, Tex., and had authority to act in behalf of the defendant company in effecting contracts of insurance of the kind involved herein. At the time of the issuance of the policy in question here, Taylor and his wife resided in their private residence situated at 508 Scott street, Wichita Falls, Tex. The policy by its terms binds the defendant company, for the period of 36 months, to indemnify Taylor in the sum of $5,000, for direct loss by burglary, theft, or larceny of any of the property insured thereunder, ocasioned by its felonious abstraction from the interior of the said above-described private residence. The property insured under the policy consisted of various articles of personal property, including jewelry and precious stones. At the time the policy was issued, Mrs. Taylor had in such resi-

dence certain jewelry of a value in excess of the face of the policy. After the policy was issued Taylor and wife moved from their said residence and took up their abode in the Westland Hotel in Wichita Falls, Tex., taking with them the above-mentioned jewelry. On the night of November 10, 1921, the said jewelry was stolen from the cash register in the office of the Westland Hotel, where it had been placed by Mrs. Taylor. The jewelry was never recovered, and this suit resulted.

After Taylor and his wife had moved to the Westland Hotel, as above stated, and before the theft of the jewelry, Mrs. Taylor went to the office of Lowery, Finch & Co. and applied to them for insurance against highway robbery of said jewelry. She was informed by the man in charge of the office that the matter would receive their attention and that they would send "one of their agents down" to the hotel. Shortly afterward Lowery, Finch & Co. sent one J. C. Wynn to the hotel with a rider to be delivered to Taylor and attached to the policy. This rider made provision for extending the insurance protection of said policy so as to cover loss of said jewelry by highway robbery anywhere in the United States or Canada. The said rider was prepared by Lowery, Finch & Co. and was signed by "Lowery, Finch & Co., by E. M. Belcher, Authorized Representative." The rider was delivered by Wynn to Mrs. Taylor at the hotel and she paid him the additional premium that was required therefor; which premium Wynn was authorized to collect in behalf of the defendant company. Mrs. Taylor testified, in substance, that, at the time of the delivery of said rider. she called Wynn's attention to the fact that the risk of loss by burglary or theft was covered by the terms of the policy only while such jewelry was in the residence at the Scott street address, and informed him that the jewelry was not then being kept at that place, but was being kept at the Westland Hotel, where she and her husband were then residing, and asked him if such fact would affect such insurance; that Wynn thereupon assured her that such fact would make no difference in the protection afforded by the policy; that, in case of loss by burglary or theft while the jewelry was in the hotel, indemnity would be paid as provided in the policy, the same as if the loss occurred at the Scott street address; that she believed and relied upon such statements of Wynn, and took no further steps in the matter.

Upon trial of the case without the aid of a jury, the trial court rendered judgment for the plaintiff in error for the face amount of the policy on account of the said theft of the jewelry. Upon appeal the Court of Civil Appeals reversed said judgment and rendered judgment for the defendant company. 273 S W. 320. The case is now before us on writ of error.

The plaintiff's petition herein alleges the facts covering the transaction involving the highway robbery rider, and the statements of J. C. Wynn in that transaction, substantially as we have stated them. The plaintiff in error contends that such statements by Wynn are binding upon the defendant company and operated to render such policy effective to cover the loss of the jewelry by burglary or theft at the place where such loss occurred, to wit, the Westland Hotel.

The defendant company duly made objection to the testimony of Mrs. Taylor concerning the said statements made to her by Wynn on the ground, among others, that there was no evidence showing or tending to show that Wynn had any authority to bind the defendant by waiving or altering any of the provisions of said policy. The said testimony being admitted in evidence over its said objection, the defendant duly reserved exception, and upon appeal duly assigned error thereon in the Court of Civil Appeals.

[1] The only evidence in the record relating to Wynn's connection with the defendant company or its general agent, Lowery, Finch & Co., is in substance that Wynn was employed by the latter company in May, 1920, and worked for them several months thereafter. In what capacity he worked for them or the nature of his work, duties, or services is not shown by any evidence. He is shown to have been sent by the Lowery-Finch Company with the rider for the purpose of delivering it to Taylor or Mrs. Taylor, and to collect the premium therefor. He did those acts. Mrs. Taylor, in testifying as to the last-mentioned transaction, refers to him as the "agent" of the company, but states no fact (other than those involved in that transaction) tending to show the apparent scope of his authority. The Lowery-Finch Company had told Mrs. Taylor they would send their "agent" to the hotel. They did send Wynn to make manual delivery of such rider and to collect the premium therefor. In doing these specific acts, he, of course, was the "agent" of the defendant company, in a restricted sense; but there is nothing in evidence from which may be inferred an authority to contract. or to do any other act, in behalf of the defendant company, with reference to the burglary or theft provisions as they had been originally written in the policy.

The terms of article 4961 of the statutes (Vernon's Sayles' Ann. Civ. St. 1914), which declare in effect that one who delivers a policy for an insurance company or collects any premium of insurance shall be held to be the agent of the company in certain stated respects, have no application to the facts of this case. Insurance Co. v. Walker, 94 Tex. 473, 61 S. W. 711. Therefore it was necessary in this case to show by some character of legal evidence, sufficient for the purpose, that Wynn had authority, or was held out by the

defendant company as apparently having authority, to contract in its behalf concerning said policy or to waive or change any of the original terms thereof. This showing is not made by the record here. In these circumstances the said statements of Wynn are incompetent as evidence and the trial court should have excluded same from consideration in rendering its judgment, which obviously it did not do.

[2] Since Taylor, in his petition, relies specifically upon such statements by Wynn as effecting a change of the terms of the policy so as to cover the loss at the Westland Hotel, but failed to show that such statements are chargeable to the defendant company, it follows that, so far as disclosed by this record, the terms of the policy remain unimpaired as originally made. The policy, by its terms, covered the risk of loss of the jewelry while in the Scott street residence, and the defendant company cannot be held liable, under the legal evidence in this record for the loss which occurred at the Westland Hotel. British American Assurance Co. v. Miller, 91 Tex. 414, 44 S. W. 60, 39 L. R. A. 545, 66 Am. St. Rep. 901.

[3] There is evidence in the record of a conversation held in the office of Lowery, Finch & Co. between Mrs. Taylor and the man in charge of the office (not J. C. Wynn) which the plaintiff in error insists has effect as a waiver of the policy provision which limits liability for loss by burglary or theft to a loss occurring at the Scott street residence. For the reason that the plaintiff's petition contains no allegations of a waiver, except as specifically predicated upon the conversation between Mrs. Taylor and Wynn at the Westland Hotel, we cannot give consideration to the evidence last above mentioned.

[4, 5] The Court of Civil Appeals seems to have rested its decision herein upon the assumption that Wynn was the soliciting agent of the defendant company. But we find no evidence in the record which tends to support the assumption. We therefore have no occasion to review the holding of that court in respect to the provisions of articles 4955 and 4968 of the statutes. We have concluded, for the reasons which we have shown, that a correct judgment of reversal was entered by that court, but that the cause should have been remanded for another trial.

We recommend that the judgment of the Court of Civil Appeals in so far as it reverses the judgment of the trial court be affirmed; but that the rendition of judgment by that court for the defendant company be reversed, and the cause be remanded to the trial court for another trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.