**ALLSTATE INSURANCE COMPANY,**
Appellant,

v.

**Maggie WALLACE, Appellee.**

No. 16973.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 6, 1968.

Nelson, Sherrod, Carter & Oldham, and Charles Oldham, Wichita Falls, for appellant.

Wilson & Jameson, and James W. Jameson, Wichita Falls, for appellee.

OPINION

LANGDON, Justice.

This appeal is from a declaratory judgment in which the court held that Maggie Wallace, appellee, was an insured under a policy issued by appellant to appellee's former husband and that therefore a collision in which appellee was involved would fall within the uninsured motorist clause of the policy.

The appellant on appeal contends the court erred in so holding.

We reverse and render.

The case was tried to the court upon facts agreed upon as follows: On or about August 14, 1964, Allstate Insurance Company issued an automobile insurance policy. The policy on its face named Billy Wayne Wallace as the named insured. It covered a 1963 Chevrolet and a 1962 Pontiac for the period of August 14, 1964 to August 14, 1965. All premiums were paid. The policy had not been revoked or cancelled at the time of the accident in question. On June 27, 1965, Maggie Lou Wallace was a guest in an automobile owned and driven by Letha King when it was in collision with an automobile driven by William B. Kennemer who carried no liability insurance. Said collision would fall within the terms and provisions of the uninsured motorist clause of the Allstate policy if Maggie Wallace is held to be an insured. A copy of the policy was attached to the Agreed State-

ment of Facts and incorporated therein for all purposes.

Billy Wayne Wallace and Maggie Wallace were husband and wife at the time of the purchase of the Allstate policy. In March, 1965, a property settlement agreement was prepared and was signed on March 22 and March 25, 1965. The agreement provided that Billy Wayne Wallace was to receive the 1962 Pontiac and that Maggie Wallace was to receive the 1963 Chevrolet. A divorce decree was rendered and entered on June 22, 1965 (five (5) days prior to the accident in question) and Maggie Wallace received, as part of the property settlement, the 1963 Chevrolet described in the Allstate policy. The property settlement agreement and divorce decree were attached to and made a part of the agreed statement of facts for all purposes. At the time of the accident in question Maggie Wallace and Billy Wayne Wallace were not husband and wife. They were not related to each other in any way. The automobile in which the plaintiff was riding at the time of the accident was owned by Letha King. It was not one of the automobiles described in the Allstate policy.

The single question presented by this appeal, i. e., whether or not Maggie Wallace is an insured under the terms of the policy in question, can be resolved only by an examination of the definitions of "insured" contained in the policy, which consists of (1) a declaration sheet reflecting the coverages, (2) endorsements and renewal certificates, and (3) the policy booklet.

The policy booklet, described as "Allstate Crusader Automobile Policy", contains five parts and a section captioned "General Conditions," Part 5, "Protection Against Uninsured Motorists" defines the persons protected and the meanings of words and terms.

The only named insured in the policy is Billy Wayne Wallace.

A review of the policy as a whole reflects that a person to be an insured under its provisions must qualify as such under one of the following definitions:

(1) A "named insured." This means the individual named in Item 2 of the declarations and also includes his spouse, if a resident of the same household.

(2) Any relative of the named insured who is a resident of the same household.

(3) Any person occupying (1) the insured vehicle, (2) a newly acquired vehicle, or (3) a temporary substitute vehicle.

(4) Any person while occupying a non-owned automobile being driven by the individual named in Item 2 of the declaration.

It is apparent from the facts which were stipulated and agreed upon by the parties to this suit that the appellee was not the named insured in Item 2 of the declarations. She is not the spouse of the named insured. She is not a relative of the named insured. She is not a resident of the same household as the named insured. The appellee was not occupying the insured vehicle, a newly acquired vehicle nor a temporary substitute vehicle at the time of the collision in question. The vehicle she occupied at the time was not being driven by the individual named as the insured in Item 2 of the declaration.

In our examination of the terms and provisions of the policy involved herein we are unable to find any basis to support the trial court's finding that the appellee was an insured under the terms thereof at the time of the collision in question.

The appellee relies heavily upon the fact that the policy of insurance was purchased with community funds and that at the time of its purchase she was the wife of and resided in the same household as the named insured.

Because of these facts she contends that coverage under the policy should be construed as of the date of issuance when she was covered rather than as of the date of the accident in question.

 Under the facts of this case the source of the money with which the policy was furnished is not material. It does not control coverage. This question can be determined only by the provisions of the policy as of the time of the accident because of which a claim is made. No doubt assignment and coverage under the policy could have been arranged at the time of the property settlement agreement and divorce providing coverage for the appellee. This was not done and thus she was no longer afforded coverage as an insured under the terms of the policy.

The appellee's contention that the policy in question is ambiguous in its provisions relating to persons insured thereunder because it is "unclear" as to whether the classification of insured would apply as of the date the policy was purchased or as of the date of the accident is in our opinion untenable. We find no ambiguity in the policy.

 In 1965 the Texas Supreme Court in Royal Indemnity Company v. Marshall, 388 S.W.2d 176, 181, said: "Courts cannot make new contracts between the parties, but must enforce the contracts as written. Where the terms of an insurance policy are plain, definite and unambiguous, the courts cannot vary these terms. As said by this Court in the case of British America Assurance Co. v. Miller, 91 Tex. 414, 44 S.W. 60, 62, 39 L.R.A. 545, 66 Am.St.Rep. 901 (1898): 'In other words, the court will not hold that the insurance company did not intend to insure that which it expressly contracted to insure; on the other hand, courts will not so construe plain language as to make a contract embrace that which it was intended not to include.' See also Fireman's Insurance Co. v. Alonzo, 112 Tex. 283, 246 S.W. 82 (1923); Taylor v. United States Fidelity & Guaranty Co. (Com. of App. 1926), 283 S.W. 161; and United States Fire Ins. Co. of New York v. Rothwell (Com. of App. 1933), 60 S.W. 2d 759."

See also General America Indemnity Company v. Pepper, 161 Tex. 263, 339 S.W.2d 660, 661 (Tex.Sup., 1960).

The point of error is sustained and the judgment of the trial court is reversed and judgment here rendered for and on behalf of the appellant.

Reversed and rendered.