In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00070-CV


______________________________




JODA DWAYNE ATTAWAY AND


WILLADENE ATTAWAY, Appellants


V.



WOOD COUNTY ELECTRIC


COOPERATIVE, INC., Appellee



 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 2006-857




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Appellants, Joda Dwayne Attaway and Willadene Attaway, have filed a motion seeking to
dismiss their appeal. Pursuant to Rule 42.1 of the Texas Rules of Appellate Procedure, their motion
is granted. See Tex. R. App. P. 42.1.

 We dismiss the appeal.



 Jack Carter

 Justice


Date Submitted: September 17, 2009

Date Decided: September 18, 2009




w:LsdException Locked="false" Priority="9" QFormat="true" Name="heading 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00084-CV

                                                ______________________________

 

 

                                       MYRTIS WILLIAMS,
Appellant

 

                                                                V.

 

                                             STATE FARM MUTUAL 

AUTOMOBILE INSURANCE
COMPANY, Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 71st Judicial District Court

                                                           Harrison County, Texas

                                                         Trial Court
No. 09-0357A

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

I.          FACTUAL AND PROCEDURAL
BACKGROUND

            Richard Conner, as
the only named insured, obtained a Texas personal automobile insurance policy
from State Farm Mutual Automobile Insurance Company through David Scholl, State
Farms local agent.  Conners address as
listed on the insurance policy as issued was 1903 Circle Drive in Marshall and
the insured automobile was shown as a 2002 Cadillac Escalade.  The declarations page of the policy lists
both (and only) Conner and Rewa Hubbard as drivers who own or regularly
operate any vehicle in your household. 
The title to the Cadillac Escalade listed on the policy was issued
solely to Hubbard.  

            Myrtis
Williams, who resides with Hubbard at 2505 West Francis Street in Marshall, is
Hubbards mother.  On August 28, 2008,
Williams was involved in an automobile collision while driving her 1998 Lincoln
Town Car.  Apparently, the driver of the
vehicle involved in the collision with Williams had inadequate liability
insurance coverage because Williams submitted an underinsured motorist (UIM)
coverage claim to State Farm under the policy issued to Conner, seeking to
recover for damages sustained by her in that collision.  The case under appeal here arose after State
Farm denied the claim.  The basis of
Williamss claim in the lawsuit was an alleged breach of contract action
against State Farm for failing and refusing to pay UIM benefits under the
policy and against Scholl, the issuing agent.[1]  Williams maintains that she is a covered
person under the policy, reasoning that Hubbard is the named insured under the
policy, that Williams is a blood relative of Hubbard, and that she and Hubbard
reside together in the same household.

            State
Farm filed a motion for summary judgment and included evidence in support of
its position that Williams is not a covered person under the policy.  Williams filed objections to State Farms
evidence and, in the face of those objections, the trial court granted State
Farm leave to supplement the record August 14, 2009, by replacing an
uncertified copy of the Texas Peace Officers Crash Report with a certified
copy of the same document.  After this
was done, the trial court overruled Williamss objections to State Farms
summary judgment evidence and entered an order granting summary judgment in
favor of State Farm. 

            On
August 28, 2009, Williams elected to nonsuit her claims against Scholl, thus
rendering the interlocutory partial summary judgment in favor of State Farm
final and appealable.

II.        ISSUES ON APPEAL

            On appeal,
Williams contends that the trial court erred in granting summary judgment
because it failed to evaluate the summary judgment evidence in the light most
favorable to Williams.  Williams further
claims that the trial court erred in granting summary judgment on an ambiguous
contract.  In her last point of error,
Williams maintains that the trial court erred in permitting State Farm to
supplement the summary judgment evidence without notice to her and without
provision of an opportunity to respond to the newly configured summary judgment
with the Texas Peace Officers Crash Report exhibit in admissible form.[2]

            Because
we find that the trial court did not err in granting summary judgment to State
Farm and that the trial court did not abuse its discretion in granting leave to
supplement the record, we affirm the summary judgment of the trial court.  

III.       ANALYSIS OF POINTS OF
ERROR

            A.         The
Summary Judgment

            We
review de novo the trial courts summary judgment.  See FM
Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovants favor.  Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).  Under Rule 166a(c) of the Texas Rules of
Civil Procedure, the party moving for summary judgment bears the burden to show
that no genuine issue of material fact exists and that it is entitled to
judgment as a matter of law.  Tex. R. Evid. 166a(c); Haase v. Glazner, 62 S.W.3d 795, 797
(Tex. 2001).  Because the trial courts
order does not specify the grounds for its summary judgment, we must affirm the
summary judgment if any of the theories presented to the trial court and
preserved for appellate review are meritorious. 
Browning v. Prostok, 165
S.W.3d 336, 344 (Tex. 2005).

            At
issue is the policy of insurance issued to Conner by State Farm.  More specifically, the dispute concerning the
policy centers on whether Williams falls within the definition of a covered
person under the policy.  Williams
claims that because she provided evidence that Hubbard is a named insured, a
material fact question exists with respect to Williamss coverage status under
the policy.  Williams contends that if
Hubbard is determined to be a named insured under the policy, then Williams is
entitled to UIM coverage.

            The
insurance policy states, in pertinent part, as follows:

PART C 
UNINSURED/UNDERINSURED MOTORISTS COVERAGE

 

INSURING
AGREEMENT

 

A.        We will pay damages which a covered person is legally
entitled to recover from the owner or operator of an uninsured motor vehicle
because of bodily injury sustained by a covered person, or property
damage, caused by an accident.

 

            .
. . .

 

B.        Covered
person as used in this Part means:

 

            1.         You or any family member;

 

            2.         Any other person occupying your covered auto;

 

3.         Any person for damages that person is entitled to recover
because of bodily injury to which this coverage applies sustained by a person
described in B.1. or B.2. above.

 

The policy
defines you and your as follows:

 

DEFINITIONS

 

A.        Throughout this policy, you and your
refer to:

 

            1.         The named insured shown in the
Declarations, and

 

            2.         The spouse if a resident of the same
household. 

 

            .
. . .

 

D.        Family member means a person who is a resident of your
household and related to you by blood, marriage or adoption. . . . 

            

            .
. . .

 

G.        Your
covered auto means:

 

            1.         Any vehicle shown in the Declarations;
. . . .

 

            Gerry
Webb, underwriting section manager for State Farm, testified that in order to
be a named insured in a State Farm automobile policy, one must have one of the
following:  (1) a financial stake in the
vehicle; (2) care, custody, or control of the vehicle; or (3) a familial
relationship to the named insured through marriage, blood, or adoption.  In fact, the policy lists Conner as the sole
named insured shown in the declarations.[3]  

            Williamss
summary judgment evidence established that Hubbard was the owner of the 2002
Escalade insured by State Farm, that Hubbard paid the premiums on the policy,
and that after the payment of the purchase price for the Escalade, it was
titled in Hubbards name.  Hubbard told
Scholls employees that the debt on the Escalade had been satisfied and that it
had been titled in her name, reflecting her West Francis Street address.  Hubbard testified as to her mother/daughter
relationship with Williams and regarding their joint residence on West Francis
Street.    Williamss
summary judgment evidence also established that Scholl learned that Hubbard had
a financial interest in the Escalade and/or that title to the Escalade was in
Hubbards name at the time he gave his deposition July 15, 2009.  In addition, Williams offered evidence to
explain how a mistake in the listing of the named insured in this policy could
be made.[4]  

            Williams
complains that the trial court failed to indulge every reasonable inference and
to resolve all doubts in her favor in determining whether a material fact issue
precludes summary judgment.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 54849 (Tex. 1985).  She further
urges that had the trial court accepted all evidence in the light most
favorable to her, the summary judgment would not have been granted.  In essence, Williams argues that State Farm,
or its agent, made mistakes in the underwriting process, resulting in the
issuance of a policy of automobile insurance which mistakenly names Conner,
rather than Hubbard, as the insured.  In
the absence of such a mistake, Williams contends she would have been classified
as a covered person under the State Farm policy. 

            Williams
further contends that the policy is ambiguous because it fails to meet State
Farms underwriting guidelines.[5]  Thus, claims Williams, there is a fact issue
concerning the identity of the named insured in the insurance contract, a fact
issue which precludes summary judgment.  

            Insurance
policies are contracts, and are therefore interpreted according to the ordinary
rules of contract construction.  Tanner v. Nationwide Mut. Fire Life Co.,
289 S.W.3d 828, 831 (Tex. 2009); Utica
Natl Ins. Co. of Tex. v. Am. Indem. Co., 141 S.W.3d 198, 202 (Tex.
2004).  Our primary concern is to
ascertain the parties intent as reflected in the terms of the policy
itself.  Utica Natl Ins. Co., 141 S.W.3d at 202; Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 133 (Tex.
1994).  If policy language is worded so
that it can be given a definite or certain legal meaning, it is not ambiguous
and will be construed as a matter of law.  Am.
Mfrs. Mut. Ins. Co. v. Schaefer, 124 S.W.3d 154, 157 (Tex. 2003); Natl Union Fire Ins. Co. of Pittsburgh, PA
v. CBI Indus., Inc., 907 S.W.2d 517, 520 (Tex. 1995).  A contract is ambiguous if the contract
language is susceptible to two or more reasonable interpretations.  Schaefer,
124 S.W.3d at 157 (citing Kelly-Coppedge,
Inc. v. Highlands Ins. Co., 980 S.W.2d 462, 465 (Tex. 1998)).  Whether a contract is ambiguous is itself a
question of law.  Kelley-Coppedge, Inc., 980 S.W.2d at 464.  

            We
find no ambiguity in the subject insurance policy.  Instead, we find the contract to be worded in
such a way that it can be given a definite or certain legal meaning.  Schaefer,
124 S.W.3d at 157.  Here, we have a
policy of prescribed form promulgated by the Texas Department of Insurance.[6]  The policy is unambiguous,[7]
and parol evidence will not be received for the purpose of creating an
ambiguity or to provide a meaning different from that which is stated.  See David J. Sacks, P.C. v. Haden, 266
S.W.3d 447, 450 (Tex. 2008).  The policy
provides that State Farm has a contractual obligation to pay damages which a covered
person is legally entitled to recover from the owner or operator of an
uninsured or underinsured motor vehicle. 
A covered person must fall within one or more of these categories:  (1) the named insured shown in the
declarations, (2) a family member of the named insured, or (3) any other person
occupying the covered automobile.  Since
Conner is the sole named insured shown in the declarations, Williams does not
qualify as a covered person under any of the three definitions given that
term in the policy.  Williams is not the
named insured; she is not related to Conner, and she was not occupying the
covered automobile at the time of the collision.[8] 

            The
law presumes a written agreement correctly embodies the parties intentions and
is an accurate expression of the parties agreement.  St. Paul
Lloyds Ins. Co. v. Fong Chun Huang, 808 S.W.2d 524, 527 (Tex. App.Houston
[14th Dist.] 1991, writ denied) (citing
Estes v. Republic Natl Bank of Dallas, 462 S.W.2d 273, 275 (Tex.
1970)).  We recognize that parol evidence
of the sort Williams urges here (i.e., the use of Hubbards funds to purchase
premiums and the title to the vehicle being held in her name) can be utilized
to show mutual mistake for purposes of seeking the equitable remedy of contract
reformation; however, reformation is not an issue in this case.[9]
Estes, 462 S.W.2d at 275; Johnson v. Conner, 260 S.W.3d 575, 581 (Tex. App.Tyler 2008, no pet.).  Williamss sole claim against State Farm was
for breach of contract.  We find no error in the entry of summary
judgment in favor of State Farm.

            B.         No Procedural Errors

            Williams filed certain
objections to State Farms summary judgment evidence.[10]  On July 23, 2009, State Farm filed its
response to Williamss evidentiary objections and requested leave to obtain a
certified copy of the Texas Peace Officers Crash Report, to file with the
court in substitution for the report submitted as exhibit B to the summary
judgment motion.  On August 7, 2009,
the trial court notified counsel by letter of its decision to overrule Williamss
objections to the summary judgment evidence, to permit State Farm leave to
substitute a certified copy of the Texas Peace Officers Crash Report, and to
grant partial summary judgment in favor of State Farm.  On August 14, 2009, the trial court entered
three orders which (1) overruled Williamss objections to State Farms summary
judgment evidence and deemed all materials attached to the motion admitted for
all purposes; (2) granted State Farm leave to substitute a certified copy of
the Texas Peace Officers Crash Report to the motion for summary judgment; and
(3) granted partial summary judgment for State Farm. 

            Williams
claims the entry of these orders was error for two reasons.  First, Williams contends that she was deprived
of her entitlement to twenty-one days notice of State Farms filing of
supplemental evidence in support of its summary judgment motion under Rule
166a(c) of the Texas Rules of Civil Procedure.  Second, Williams contends that she was
deprived of her entitlement to three days notice of hearing on State Farms
motion for leave to supplement the record in accordance with Rule 21 of the
Texas Rules of Civil Procedure.  

            Rule
166a(c) provides that [E]xcept on leave of court, with notice to opposing
counsel, the motion and any supporting affidavits shall be filed and served at
least twenty-one days before the time specified for hearing.  Tex.
R. Civ. P. 166a(c).  It is within
the discretion of the trial court to consider or to accept summary judgment
evidence filed within the twenty-one-day time frame set forth in Rule
166a(c).  Daniell v. Citizens Bank, 754 S.W.2d 407, 409 (Tex. App.Corpus
Christi 1988, no writ).  The test for
abuse of discretion is whether the court acted without reference to any guiding
principles or whether it acted arbitrarily or unreasonably.  Holtzman
v. Holtzman, 993 S.W.2d 729, 734 (Tex. App.Texarkana 1999, pet. denied)
(citing Downer v. Aquamarine Operators,
701 S.W.2d 238 (Tex. 1985)).

            Here,
the trial court permitted the filing of a certified copy of the police report
in lieu of an uncertified copy of the report attached as an exhibit to State
Farms summary judgment motion filed June 11, 2009.  Since the submission date was July 24, 2009,
Williamss response to the motion was due on or before July 17, 2009.  Tex. R.
Civ. P. 166a(c).  With appropriate
leave of court, Williams filed her summary judgment response and objections to
the police report on July 22, 2009.  The following day, State Farm filed its
request for leave of court to substitute a certified copy of the police report
in lieu of the uncertified copy. 
Williams neither claimed that she was prejudiced by this late filing nor
did she request a continuance.  Even
after the letter of August 7 (advising of the trial courts decision on this
issue), Williams failed to object or to otherwise complain of any prejudice
caused by the late filing. 

             Given these facts, the trial court did not
abuse its discretion in granting leave to substitute a certified copy of the
police report as an exhibit to State Farms summary judgment motion.  In conformity with the rule, State Farm
provided notice to Williams and requested (and received) leave of court to file
the substitute report.  A trial court may
accept summary judgment evidence filed late, but must affirmatively indicate in
the record that it accepted and considered the evidence.  Stephens
v. Dolcefino, 126 S.W.3d 120, 13334 (Tex. App.Houston [1st Dist.] 2003),
pet. denied, 181 S.W.3d 741 (Tex.
2005).  We overrule this point of error.

            Rule
21 of the Texas Rules of Civil Procedure requires service of a notice of
hearing not less than three days prior to the time set for hearing.[11]
The court is permitted, however, to shorten that three-day notice period.  Magnuson
v. Mullen, 65 S.W.3d 815, 824 (Tex. App.Fort Worth 2002, pet.
denied).  Here, the trial court provided
timely notice to all parties that the motion for summary judgment would be
submitted to the court for ruling on July 24, 2009.  Williams submitted her objections to State
Farms summary judgment evidence July 22, 2009, two days before the submission
date.  Rule 166a(f) of the Texas Rules of
Civil Procedure clearly contemplates that a trial court has the power to grant
leave to provide parties the opportunity to cure objections raised by the
nonmovant to the movants original summary judgment evidence:  [D]efects in the form of affidavits or
attachments will not be grounds for reversal unless specifically pointed out by
objection by an opposing party with opportunity, but refusal, to amend.  Tex.
R. Civ. P. 166a(f).   

            State
Farms late filing, with leave of court, was permissible to correct defects
pointed out by Williams.  The submission
date of July 24, 2009, was neither reset or revised, nor was any request made
that the submission date be extended or continued.  Moreover, the trial court did not enter an
order granting leave to supplement until August 14, 2009.  Williams never complained, objected, or
requested a continuance during the time the motion was filed July 22 and the
entry of the courts order granting leave to supplement August 14.  Finally, the nature of the proof offered by
State Farm was not affected by the courts order.  The order simply permitted substitution of a
certified police report in the stead of a report that was not certified.  Given Williamss inaction at the trial court
level about which she now complains, and given the fact that Williams was not
surprised or prejudiced, we find that the trial court did not abuse its
discretion in ruling on State Farms motion for leave to supplement without
first setting that matter for hearing. 
We overrule this point of error.

            We affirm the trial courts
grant of summary judgment.

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date
Submitted:          January 26, 2010

Date
Decided:             February 5, 2010

 











[1]In
addition to the contractual claim, Williams had sued State Farm, alleging a
breach of the duty of good faith and fair dealing, but voluntarily dismissed
that claim.  Further, her first amended
petition named Scholl as a defendant, contending that he was negligent and had
breached his fiduciary and contractual duty to Conner and Hubbard in failing to
list Hubbard as one of the named insured under the policy as requested by
Conner and Hubbard.  Scholl was a
defendant at the time the partial summary judgment mentioned hereafter was
granted.

 





[2]Initially,
the Texas Peace Officers Crash Report attached to State Farms motion for
summary judgment was not certified; the trial court granted leave for State
Farm to substitute a certified copy of the crash report for the noncertified
copy of the report attached to the motion for summary judgment.  

 





[3]While
Hubbard is not listed as a named insured on the declarations, she is listed as
a driver in the declarations section entitled DRIVER(S) IN HOUSEHOLD.  Here, the policy provides that:

 

Your premium may be influenced by
the drivers listed below and other individuals permitted to operate your
vehicle.  This list does not extend or
expand coverage beyond that contained in this automobile policy.  The drivers listed below are the drivers
reported to us that own or regularly operate any vehicle in your household.

 

                RICHARD
CONNER, REWA HUBBARD

 

If the information is incomplete or
inaccurate, or if you want to confirm the information we have in our records
please contact your agent.

 

                This
language provides that the list of drivers does not extend or expand coverage
beyond that contained in the policy. 
Thus, it does not raise a material fact issue as to Williamss status as
a covered person under the terms of the policy.  Indeed, Williams does not appear to take the
position on appeal that this section of the policy affects the issue of whether
or not she is a covered person under the policy.

 





[4]Webb
surmised that the error might have been based on the information
submitted.  

 





[5]Williams
contends that State Farm asserts that Hubbard cannot be a named insured under
the policy because she does not meet its underwriting guidelines for an
insurable interest. She contends that Conner, the named insured, fails to meet
those guidelines.  We find no such
evidence in support of Williamss position. 


 





[6]In
accord with Article 5.06(2) of the Texas Insurance Code, automobile insurance
policy forms are adopted by the State Board of Insurance.  Insurance companies that provide motor
vehicle insurance are permitted (with certain exceptions not relevant here) to
only use a form adopted by the Board.  Tex. Ins. Code Ann. art. 5.06(2) (Vernon 2009). 

 





[7]The fact that Hubbard paid premiums on this policy
does not render the policy language ambiguous. 
See Allstate Ins. Co. v. Wallace,
435 S.W.2d 537 (Tex. Civ. App.Fort Worth 1968, no writ) (former wife not an
insured under automobile policy issued to former husband that defined insured
to include named insureds spouse if a resident of same household,
notwithstanding fact that policy purchased with community funds and at time of
purchase, former wife was wife of and resided in same household as named
insured).  

 





[8]Williams
was driving a Lincoln Town Car at the time of the accident; the covered
automobile under the State Farm policy is a 2002 Cadillac Escalade.  

 





[9]One
must seek reformation in his live pleading to acquire it.  Rattan
v. Dicker, 373 S.W.2d 306, 310 (Tex. Civ. App.Dallas 1963, no writ); accord Liu v. Yang, 69 S.W.3d 225, 229
(Tex. App.Corpus Christi 2001, no pet.) (stating that to be entitled to reformation
of an agreement, a party must plead either mutual mistake, unilateral mistake
accompanied by fraud, or other inequitable conduct by the other party).  Even in the circumstance Williams sought
reformation, she would be required to prove standing to seek such relief.  Zaiontz
v. Trinity Universal Ins. Co., 87 S.W.3d 565, 574 (Tex. App.San Antonio
2002, pet. denied) (person with
substantial interest in contract may not maintain an action for reformation if
not a party or privy thereto).

 





[10]Williams
objected to 1) exhibit A to the summary judgment (affidavit of Webb and
attached Texas Personal Auto Policy No. 19 8968-E03-431 issued to Conner with
effective dates of coverage from May 3, 2008, to November 3, 2008) based upon
lack of foundation, hearsay and the absence of a jurat identifying where the
oath was administered and notarized; exhibit B to the summary judgment (Texas
Peace Officers Crash Report) as hearsay; and 3) exhibit C to the summary
judgment (affidavit of Julia Dobbins, an attorney representing State Farm, with
attached summary judgment rendered in Dallas County based upon similar facts)
because it is not evidence and it has no binding precedential value.

 





[11]The
Rule provides, in part:  

 

[A]n application to the court for
an order and notice of any hearing thereon, not presented during a hearing                or trial, shall be served upon
all other parties not less than three days before the time specified for the
hearing unless otherwise provided by these rules or shortened by the
court.  

 

Tex. R. Civ. P.
21.