

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00084-CV

_____

MYRTIS WILLIAMS, Appellant

V.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, Appellee

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 09-0357A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM  OPINION

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Richard Conner, as the only named insured, obtained a Texas personal automobile insurance policy from State Farm Mutual Automobile Insurance Company through David Scholl, State Farm's local agent.   Conner's address as listed on the insurance policy as issued was 1903 Circle Drive in Marshall and the insured automobile was shown as a 2002 Cadillac Escalade.   The declarations page of the policy lists both (and only) Conner and Rewa Hubbard as drivers who "own or regularly operate any vehicle in your household."   The title to the Cadillac Escalade listed on the policy was issued solely to Hubbard.

Myrtis Williams, who resides with Hubbard at 2505 West Francis Street in Marshall, is Hubbard's mother.   On August 28, 2008, Williams was involved in an automobile collision while driving her 1998 Lincoln Town Car.   Apparently, the driver of the vehicle involved in the collision with Williams had inadequate liability insurance coverage because Williams submitted an underinsured motorist (UIM) coverage claim to State Farm under the policy issued to Conner, seeking to recover for damages sustained by her in that collision.   The case under appeal here arose after State Farm denied the claim.   The basis of Williams's claim in the lawsuit was an alleged breach of contract action against State Farm for failing and refusing to pay UIM benefits under the policy and against Scholl, the issuing agent.[1]   Williams maintains that she is a "covered

---

[1]In addition to the contractual claim, Williams had sued State Farm, alleging a breach of the duty of good faith and fair dealing, but voluntarily dismissed that claim.  Further, her first amended petition named Scholl as a defendant,

2

person" under the policy, reasoning that Hubbard is the named insured under the policy, that Williams is a blood relative of Hubbard, and that she and Hubbard reside together in the same household.

State Farm filed a motion for summary judgment and included evidence in support of its position that Williams is not a "covered person" under the policy. Williams filed objections to State Farm's evidence and, in the face of those objections, the trial court granted State Farm leave to supplement the record August 14, 2009, by replacing an uncertified copy of the Texas Peace Officer's Crash Report with a certified copy of the same document. After this was done, the trial court overruled Williams's objections to State Farm's summary judgment evidence and entered an order granting summary judgment in favor of State Farm.

On August 28, 2009, Williams elected to nonsuit her claims against Scholl, thus rendering the interlocutory partial summary judgment in favor of State Farm final and appealable.

## II.    ISSUES ON APPEAL

On appeal, Williams contends that the trial court erred in granting summary judgment because it failed to evaluate the summary judgment evidence in the light most favorable to Williams. Williams further claims that the trial court erred in granting summary judgment on an ambiguous contract. In her last point of error, Williams maintains that the trial court erred in

contending that he was negligent and had breached his fiduciary and contractual duty to Conner and Hubbard in failing to list Hubbard as one of the named insured under the policy as requested by Conner and Hubbard. Scholl was a defendant at the time the partial summary judgment mentioned hereafter was granted.

permitting State Farm to supplement the summary judgment evidence without notice to her and without provision of an opportunity to respond to the newly configured summary judgment with the Texas Peace Officer's Crash Report exhibit in admissible form.[2]

Because we find that the trial court did not err in granting summary judgment to State Farm and that the trial court did not abuse its discretion in granting leave to supplement the record, we affirm the summary judgment of the trial court.

## III. ANALYSIS OF POINTS OF ERROR

### A. *The Summary Judgment*

We review de novo the trial court's summary judgment. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). Under Rule 166a(c) of the Texas Rules of Civil Procedure, the party moving for summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. EVID. 166a(c); *Haase v. Glazner*, 62 S.W.3d 795, 797 (Tex. 2001). Because the trial court's order does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the

---

[2]Initially, the Texas Peace Officer's Crash Report attached to State Farm's motion for summary judgment was not certified; the trial court granted leave for State Farm to substitute a certified copy of the crash report for the noncertified copy of the report attached to the motion for summary judgment.

trial court and preserved for appellate review are meritorious. *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005).

At issue is the policy of insurance issued to Conner by State Farm. More specifically, the dispute concerning the policy centers on whether Williams falls within the definition of a "covered person" under the policy. Williams claims that because she provided evidence that Hubbard is a named insured, a material fact question exists with respect to Williams's coverage status under the policy. Williams contends that if Hubbard is determined to be a named insured under the policy, then Williams is entitled to UIM coverage.

The insurance policy states, in pertinent part, as follows:

**PART C – UNINSURED/UNDERINSURED MOTORISTS COVERAGE**

**INSURING AGREEMENT**

A.     We will pay damages which a ***covered person*** is legally entitled to recover from the owner or operator of an ***uninsured motor vehicle*** because of bodily injury sustained by a ***covered person***, or ***property damage***, caused by an accident.

     . . . .

B.     ***Covered person*** as used in this Part means:

     1.     You or any ***family member***;

     2.     Any other person ***occupying your covered auto***;

     3.     Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in B.1. or B.2. above.

5

The policy defines "you" and "your" as follows:

**DEFINITIONS**

A.     Throughout this policy, "you" and "your" refer to:

     1.     The "named insured" shown in the Declarations, and

     2.     The spouse if a resident of the same household.

     . . . .

D.     *Family member* means a person who is a resident of your household and related to you by blood, marriage or adoption. . . .

     . . . .

G.     *Your covered auto* means:

     1.     Any vehicle shown in the Declarations; . . . .

Gerry Webb, underwriting section manager for State Farm, testified that in order to be a named insured in a State Farm automobile policy, one must have one of the following: (1) a financial stake in the vehicle; (2) care, custody, or control of the vehicle; or (3) a familial relationship to the named insured through marriage, blood, or adoption. In fact, the policy lists Conner as the sole named insured shown in the declarations.[3]

---

[3] While Hubbard is not listed as a named insured on the declarations, she is listed as a driver in the declarations section entitled "DRIVER(S) IN HOUSEHOLD." Here, the policy provides that:

> Your premium may be influenced by the drivers listed below and other individuals permitted to operate your vehicle. This list does not extend or expand coverage beyond that contained in this automobile policy. The drivers listed below are the drivers reported to us that own or regularly operate any vehicle in your household.

Williams's summary judgment evidence established that Hubbard was the owner of the 2002 Escalade insured by State Farm, that Hubbard paid the premiums on the policy, and that after the payment of the purchase price for the Escalade, it was titled in Hubbard's name. Hubbard told Scholl's employees that the debt on the Escalade had been satisfied and that it had been titled in her name, reflecting her West Francis Street address. Hubbard testified as to her mother/daughter relationship with Williams and regarding their joint residence on West Francis Street.

Williams's summary judgment evidence also established that Scholl learned that Hubbard had a financial interest in the Escalade and/or that title to the Escalade was in Hubbard's name at the time he gave his deposition July 15, 2009. In addition, Williams offered evidence to explain how a mistake in the listing of the named insured in this policy could be made.[4]

Williams complains that the trial court failed to indulge every reasonable inference and to resolve all doubts in her favor in determining whether a material fact issue precludes summary judgment. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). She further

RICHARD CONNER, REWA HUBBARD

If the information is incomplete or inaccurate, or if you want to confirm the information we have in our records please contact your agent.

This language provides that the list of drivers does not extend or expand coverage beyond that contained in the policy. Thus, it does not raise a material fact issue as to Williams's status as a "covered person" under the terms of the policy. Indeed, Williams does not appear to take the position on appeal that this section of the policy affects the issue of whether or not she is a "covered person" under the policy.

[4]Webb surmised that the error might have been based on the information submitted.

7

urges that had the trial court accepted all evidence in the light most favorable to her, the summary judgment would not have been granted. In essence, Williams argues that State Farm, or its agent, made mistakes in the underwriting process, resulting in the issuance of a policy of automobile insurance which mistakenly names Conner, rather than Hubbard, as the insured. In the absence of such a mistake, Williams contends she would have been classified as a "covered person" under the State Farm policy.

Williams further contends that the policy is ambiguous because it fails to meet State Farm's underwriting guidelines.[5] Thus, claims Williams, there is a fact issue concerning the identity of the named insured in the insurance contract, a fact issue which precludes summary judgment.

Insurance policies are contracts, and are therefore interpreted according to the ordinary rules of contract construction. *Tanner v. Nationwide Mut. Fire Life Co.*, 289 S.W.3d 828, 831 (Tex. 2009); *Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co*., 141 S.W.3d 198, 202 (Tex. 2004). Our primary concern is to ascertain the parties' intent as reflected in the terms of the policy itself. *Utica Nat'l Ins. Co.*, 141 S.W.3d at 202; *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994). If policy language is worded so that it can be given a definite or certain legal meaning, it is not ambiguous and will be construed as a matter of law. *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124

---

[5]Williams contends that State Farm asserts that Hubbard cannot be a named insured under the policy because she does not meet its underwriting guidelines for an insurable interest. She contends that Conner, the named insured, fails to meet those guidelines. We find no such evidence in support of Williams's position.

S.W.3d 154, 157 (Tex. 2003); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995).   A contract is ambiguous if the contract language is susceptible to two or more reasonable interpretations.   *Schaefer*, 124 S.W.3d at 157 (citing *Kelly-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 465 (Tex. 1998)).   Whether a contract is ambiguous is itself a question of law.   *Kelley-Coppedge, Inc.*, 980 S.W.2d at 464.

We find no ambiguity in the subject insurance policy.   Instead, we find the contract to be worded in such a way that it can be given a definite or certain legal meaning.   *Schaefer*, 124 S.W.3d at 157.   Here, we have a policy of prescribed form promulgated by the Texas Department of Insurance.[6]   The policy is unambiguous,[7] and parol evidence will not be received for the purpose of creating an ambiguity or to provide a meaning different from that which is stated.   *See David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008).   The policy provides that State Farm has a contractual obligation to pay damages which a "covered person" is legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle.   A "covered person" must fall within one or more of these categories:   (1) the named insured shown in the

---

[6]In accord with Article 5.06(2) of the Texas Insurance Code, automobile insurance policy forms are adopted by the State Board of Insurance.   Insurance companies that provide motor vehicle insurance are permitted (with certain exceptions not relevant here) to only use a form adopted by the Board.   TEX. INS. CODE ANN. art. 5.06(2) (Vernon 2009).

[7]The fact that Hubbard paid premiums on this policy does not render the policy language ambiguous.   *See Allstate Ins. Co. v. Wallace*, 435 S.W.2d 537 (Tex. Civ. App.—Fort Worth 1968, no writ) (former wife not an insured under automobile policy issued to former husband that defined insured to include named insured's spouse if a resident of same household, notwithstanding fact that policy purchased with community funds and at time of purchase, former wife was wife of and resided in same household as named insured).

declarations, (2) a family member of the named insured, or (3) any other person occupying the covered automobile. Since Conner is the sole named insured shown in the declarations, Williams does not qualify as a "covered person" under any of the three definitions given that term in the policy. Williams is not the named insured; she is not related to Conner, and she was not occupying the covered automobile at the time of the collision.[8]

The law presumes a written agreement correctly embodies the parties' intentions and is an accurate expression of the parties' agreement. *St. Paul Lloyd's Ins. Co. v. Fong Chun Huang*, 808 S.W.2d 524, 527 (Tex. App.—Houston [14th Dist.] 1991, writ denied) (citing *Estes v. Republic Nat'l Bank of Dallas*, 462 S.W.2d 273, 275 (Tex. 1970)). We recognize that parol evidence of the sort Williams urges here (i.e., the use of Hubbard's funds to purchase premiums and the title to the vehicle being held in her name) can be utilized to show mutual mistake for purposes of seeking the equitable remedy of contract reformation; however, reformation is not an issue in this case.[9] *Estes*, 462 S.W.2d at 275; *Johnson v. Conner*, 260 S.W.3d 575, 581 (Tex. App.—Tyler 2008, no pet.).

---

[8]Williams was driving a Lincoln Town Car at the time of the accident; the covered automobile under the State Farm policy is a 2002 Cadillac Escalade.

[9]One must seek reformation in his live pleading to acquire it. *Rattan v. Dicker*, 373 S.W.2d 306, 310 (Tex. Civ. App.—Dallas 1963, no writ); *accord Liu v. Yang*, 69 S.W.3d 225, 229 (Tex. App.—Corpus Christi 2001, no pet.) (stating that to be entitled to reformation of an agreement, a party must plead either mutual mistake, unilateral mistake accompanied by fraud, or other inequitable conduct by the other party). Even in the circumstance Williams sought reformation, she would be required to prove standing to seek such relief. *Zaiontz v. Trinity Universal Ins. Co.*, 87 S.W.3d 565, 574 (Tex. App.—San Antonio 2002, pet. denied) (person with substantial interest in contract may not maintain an action for reformation if not a party or privy thereto).

10

Williams's sole claim against State Farm was for breach of contract. We find no error in the entry of summary judgment in favor of State Farm.

### B. *No Procedural Errors*

Williams filed certain objections to State Farm's summary judgment evidence.[10] On July 23, 2009, State Farm filed its response to Williams's evidentiary objections and requested leave to obtain a certified copy of the Texas Peace Officer's Crash Report, to file with the court in substitution for the report submitted as exhibit "B" to the summary judgment motion. On August 7, 2009, the trial court notified counsel by letter of its decision to overrule Williams's objections to the summary judgment evidence, to permit State Farm leave to substitute a certified copy of the Texas Peace Officer's Crash Report, and to grant partial summary judgment in favor of State Farm. On August 14, 2009, the trial court entered three orders which (1) overruled Williams's objections to State Farm's summary judgment evidence and deemed all materials attached to the motion admitted for all purposes; (2) granted State Farm leave to substitute a certified copy of the Texas Peace Officer's Crash Report to the motion for summary judgment; and (3) granted partial summary judgment for State Farm.

---

[10]Williams objected to 1) exhibit "A" to the summary judgment (affidavit of Webb and attached Texas Personal Auto Policy No. 19 8968-E03-431 issued to Conner with effective dates of coverage from May 3, 2008, to November 3, 2008) based upon lack of foundation, hearsay and the absence of a jurat identifying where the oath was administered and notarized; exhibit "B" to the summary judgment (Texas Peace Officer's Crash Report) as hearsay; and 3) exhibit "C" to the summary judgment (affidavit of Julia Dobbins, an attorney representing State Farm, with attached summary judgment rendered in Dallas County based upon similar facts) because it is not evidence and it has no binding precedential value.

11

Williams claims the entry of these orders was error for two reasons. First, Williams contends that she was deprived of her entitlement to twenty-one days' notice of State Farm's filing of supplemental evidence in support of its summary judgment motion under Rule 166a(c) of the Texas Rules of Civil Procedure. Second, Williams contends that she was deprived of her entitlement to three days' notice of hearing on State Farm's motion for leave to supplement the record in accordance with Rule 21 of the Texas Rules of Civil Procedure.

Rule 166a(c) provides that "[E]xcept on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." TEX. R. CIV. P. 166a(c). It is within the discretion of the trial court to consider or to accept summary judgment evidence filed within the twenty-one-day time frame set forth in Rule 166a(c). *Daniell v. Citizens Bank*, 754 S.W.2d 407, 409 (Tex. App.—Corpus Christi 1988, no writ). The test for abuse of discretion is whether the court acted without reference to any guiding principles or whether it acted arbitrarily or unreasonably. *Holtzman v. Holtzman*, 993 S.W.2d 729, 734 (Tex. App.—Texarkana 1999, pet. denied) (citing *Downer v. Aquamarine Operators*, 701 S.W.2d 238 (Tex. 1985)).

Here, the trial court permitted the filing of a certified copy of the police report in lieu of an uncertified copy of the report attached as an exhibit to State Farm's summary judgment motion filed June 11, 2009. Since the submission date was July 24, 2009, Williams's response to the motion was due on or before July 17, 2009. TEX. R. CIV. P. 166a(c). With appropriate leave of

12

court, Williams filed her summary judgment response and objections to the police report on July 22, 2009. The following day, State Farm filed its request for leave of court to substitute a certified copy of the police report in lieu of the uncertified copy. Williams neither claimed that she was prejudiced by this late filing nor did she request a continuance. Even after the letter of August 7 (advising of the trial court's decision on this issue), Williams failed to object or to otherwise complain of any prejudice caused by the late filing.

Given these facts, the trial court did not abuse its discretion in granting leave to substitute a certified copy of the police report as an exhibit to State Farm's summary judgment motion. In conformity with the rule, State Farm provided notice to Williams and requested (and received) leave of court to file the substitute report. A trial court may accept summary judgment evidence filed late, but must affirmatively indicate in the record that it accepted and considered the evidence. *Stephens v. Dolcefino*, 126 S.W.3d 120, 133–34 (Tex. App.—Houston [1st Dist.] 2003), *pet. denied*, 181 S.W.3d 741 (Tex. 2005). We overrule this point of error.

Rule 21 of the Texas Rules of Civil Procedure requires service of a notice of hearing not less than three days prior to the time set for hearing.[11] The court is permitted, however, to shorten that three-day notice period. *Magnuson v. Mullen*, 65 S.W.3d 815, 824 (Tex. App.—Fort Worth

---

[11]The Rule provides, in part:

> [A]n application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, shall be served upon all other parties not less than three days before the time specified for the hearing unless otherwise provided by these rules or shortened by the court.

TEX. R. CIV. P. 21.

2002, pet. denied). Here, the trial court provided timely notice to all parties that the motion for summary judgment would be submitted to the court for ruling on July 24, 2009. Williams submitted her objections to State Farm's summary judgment evidence July 22, 2009, two days before the submission date. Rule 166a(f) of the Texas Rules of Civil Procedure clearly contemplates that a trial court has the power to grant leave to provide parties the opportunity to cure objections raised by the nonmovant to the movant's original summary judgment evidence: "[D]efects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." TEX. R. CIV. P. 166a(f).

State Farm's late filing, with leave of court, was permissible to correct defects pointed out by Williams. The submission date of July 24, 2009, was neither reset or revised, nor was any request made that the submission date be extended or continued. Moreover, the trial court did not enter an order granting leave to supplement until August 14, 2009. Williams never complained, objected, or requested a continuance during the time the motion was filed July 22 and the entry of the court's order granting leave to supplement August 14. Finally, the nature of the proof offered by State Farm was not affected by the court's order. The order simply permitted substitution of a certified police report in the stead of a report that was not certified. Given Williams's inaction at the trial court level about which she now complains, and given the fact that Williams was not surprised or prejudiced, we find that the trial court did not abuse its discretion in ruling on State

14

Farm's motion for leave to supplement without first setting that matter for hearing. We overrule this point of error.

We affirm the trial court's grant of summary judgment.


Bailey C. Moseley
Justice

Date Submitted:     January 26, 2010
Date Decided:       February 5, 2010

15