Burnett **ESTES** et al., Petitioners,

v.

**REPUBLIC NATIONAL BANK OF DALLAS, Respondent.**

No. B–2017.

Supreme Court of Texas.

Nov. 11, 1970.

Rehearing Denied Dec. 9, 1970.

Elgar Robertson, Coke & Coke, Dallas, for petitioners.

White, McElroy & White, B. Thomas McElroy, Dallas, for respondent.

SMITH, Justice.

The Respondent sued the Petitioners seeking judgment on a series of promissory notes aggregating the sum of approximately $600,000.00. One of the notes, dated April 17, 1961, is in the sum of $30,000.00. Simultaneously with the execution of this note, Petitioner Burnett Estes, executed a deed of trust on 396 acres of land situated in Denton County, Texas. After the execution and delivery of the $30,000.00 note and deed of trust to the bank, Estes conveyed the land to Everett & Company and that Company later conveyed the land to Petitioner Dan Gibbs, subject to the payment of the $30,000.00 note. Thereafter, Gibbs' tender of payment of the balance due on the $30,000.00 note and demand for a release of the deed of trust was rejected by the bank. This suit followed. The bank sought recovery from Estes of the balance due on all indebtedness and the foreclosure of the deed of trust lien in accordance with its terms. Estes and Gibbs defended on the ground that the bank, through its authorized agent, orally agreed that the deed of trust was to secure the payment of the $30,000.00 note only and that when such note was paid the land described in the deed of trust was to be free of all indebtedness due the bank. Estes further pleaded that by accident or mutual mistake a "dragnet" clause remained in the printed form of the deed of trust, whereas the true agreement was that when the $30,000.00 note was repaid the land would be released.

Evidence offered to establish this alleged agreement was excluded upon objection. At the close of all the evidence, the Court instructed the jury to return a verdict in favor of the bank for the total sum sued for and, thereafter, judgment was entered that the bank recover of Estes the sum of $600,000.00 and for the foreclosure of the deed of trust lien. The Court of Civil Appeals affirmed. 450 S.W.2d 397. We affirm.

The principal question presented for our decision is whether parol evidence is admissible to establish that the true intention of the parties was to provide in the deed of trust that the lien therein afforded was to secure payment of the $30,000.00 note only, rather than to secure all indebtedness in accordance with the "dragnet" clause which provided that:

"This Deed of Trust shall secure, in addition to the said Note, [$30,000.00] all funds hereafter advanced by Beneficiary to or for the benefit of Grantors, as contemplated by any covenant or provision herein contained or for any other purpose, *and all other indebtedness, of whatever kind or character, owing or which may hereafter become owing by Grantors to Beneficiary,* whether such indebtedness is evidenced by note, open account, over-draft, endorsement, surety agreement, guaranty, or otherwise, *it being contemplated that Grantors may hereafter become indebted to Beneficiary in further sum or sums."* (Emphasis added.)

The deed of trust further provided that Estes would not sell all or any portion of the mortgaged property unless the purchaser shall either:

"(a) expressly agree to assume the payment of the indebtedness hereby secured or (b) expressly agree that the title and rights of such purchaser are and shall remain subject to all and every the terms of this Deed of Trust for the complete fulfillment of all obligations of the Grantors hereunder, and unless, also, the

deed shall expressly set forth the said agreement of the purchaser. * * * "

It is admitted that Estes, both before and after the $30,000.00 transaction, had entered into many loan agreements by executing promissory notes payable to the bank. Some of the notes, if not all, were renewals of notes dated prior to the execution of the critical note and deed of trust. Petitioners wished to establish that when Estes executed that note and deed of trust, the true agreement was that it would be entirely separate and isolated from his other obligations to the bank. This of course is inconsistent with the terms of the "dragnet" clause in the deed of trust quoted above, and testimony at variance with that clause was excluded.

The law presumes that a written agreement correctly embodies the parties' intentions, and is an accurate expression of the agreement the parties reached in prior oral negotiations. While it is true that parol evidence is admissible to show that the writing, because of a mutual mistake, incorrectly reflects the true agreement, and that the equitable remedy of reformation is available to correct such a mutual mistake in the written instrument, reformation is unavailable unless the party claiming mistake presents "clear, exact, and satisfactory evidence," Sun Oil Co. v. Bennett, 125 Tex. 540, 84 S.W.2d 447 (1935) that he is entitled to it. There are two basic requirements which must be met before the remedy of reformation is granted: first, the party claiming the relief must show what the parties' true agreement was, and second, he must show that the instrument incorrectly reflects that agreement because of a mutual mistake. We have so held recently in Champlin Oil and Ref'g Co. v. Chastain, 403 S.W.2d 376 (Tex.Sup.1965):

"Despite hardship, relief by reformation will be denied in the absence of proof of a definite agreement between the parties which has been misstated in the written memorandum because of a mistake common to both contracting parties. * * * "

The dual elements underlying the remedy of reformation were more clearly stated in Sun Oil Co. v. Bennett, *supra*:

"The party seeking reformation must of course prove what the true agreement was, but his case is not made by proof that there was an agreement which is at variance with the writing. *He must go further and establish the fact that the terms or provisions of the writing which differ from the true agreement made were placed in the instrument by mutual mistake.*" 84 S.W.2d at 451 (emphasis added).

See also Clemmens v. Kennedy, 68 S.W.2d 321 (Tex.Civ.App.—Texarkana 1934, writ ref'd).

The evidence of mutual mistake in this case, developed by bills of exception, does not meet that rather stringent requirement. Estes' answers to two questions posed to him do tend to establish that he and George Verner, the bank officer with whom he dealt when the $30,000 note was executed, did agree that the farm would be released once that note was paid off. Estes was asked: "Your understanding * * * with Mr. Verner, was that it would be an isolated transaction, and secured by just the one note." Estes answered, "Yes, sir." Then Estes was asked, "And did—he agree to that?" The answer was, "Yes, sir, he did." Other testimony by Estes reveals that he was under the impression that his stated goal of making the $30,000 loan an isolated transaction would be accomplished by inserting in the note a clause allowing prepayment without penalty. If the quoted testimony is read in the context of that paraphrased testimony, it would not support even the assertion that the quoted testimony establishes a fact issue as to the parties' true agreement. But even disregarding the testimony relating to the no-penalty clause, Estes' testimony amounts to no evidence of a mutual mistake regarding the existence or nonexistence of the "dragnet" clause in the deed of trust. Assuming without deciding that Estes met the first requirement set out in *Sun Oil Co.* by

adducing proof of the parties' true agreement, he failed to satisfy the second, that of adducing evidence that the challenged terms in the writing were placed there by mutual mistake.

■ It is plain that Estes cannot adduce proof on the vital second element, because according to his own testimony he failed to read the deed of trust or note before signing them. While a party's failure to read an instrument before signing is not always a bar to that party's suit for reformation to correct a mutual mistake, 3 Corbin on Contracts § 607; 81 A.L.R.2d 7, the general rule is that in the absence of a showing of fraud or imposition, a party's failure to read an instrument before signing it is not a ground for avoiding it. Indemnity Ins. Co. of North America v. W. L. Macatee & Sons, 129 Tex. 166, 101 S.W.2d 553 (1937); Barfield v. Howard M. Smith Co. of Amarillo, 426 S.W.2d 834 (Tex.Sup. 1968).

■ We hold that the "dragnet" clause in the deed of trust lien clearly and unambiguously stated the parties' will that the land would stand as security not only for the instant $30,000 loan, but also for "all other indebtedness, of whatever kind or character, owing * * * by Grantors to Beneficiary." Parol evidence was inadmissible to vary the meaning of that clause.

■ The other points in Estes' petition complain of the holding of the Court of Civil Appeals that the trial court did not abuse its discretion in refusing the motion of Estes' counsel for a recess. The Court of Civil Appeals correctly held that such matters are lodged within the sound discretion of the trial court, relying upon Hernandez v. Heldenfels, 374 S.W.2d 196 (Tex.Sup.1963), and that Estes had failed to show any prejudice which resulted from the trial court's ruling. The points are overruled.

Accordingly, the judgments of the trial court and the Court of Civil Appeals are affirmed.