United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50311
Summary Calendar

JOSE ROSALES; ESTHER ROSALES,

Plaintiffs-Appellants,

versus

DONA LORE,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CV-968-PM
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Following the termination of their employment, Jose and
Esther Rosales filed suit against their employer, Dona Lore,
raising claims for unpaid wages under the Fair Labor Standards
Act ("FLSA") and for breach of contract under Texas state law.
The parties agreed to a bench trial before a magistrate judge.
After a bench trial, the magistrate judge entered judgment in
favor of Lore on all claims. The Rosaleses filed the instant
appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Rosaleses first challenge the magistrate judge's decision to credit Lore's records of their work hours instead of their own records. An employee bringing suit for unpaid wages under the FLSA bears the burden of proving that he performed work for which he was not properly compensated. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946). If the employer's records are "proper and accurate," the employee may rely on these records; if the employer's records are "inaccurate or inadequate," the employee may produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id. at 687. If the employee does so, the employer must "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." Id. at 687-88. Factual findings regarding hours worked are reviewed for clear error. See Anderson, 328 U.S. at 689.

Although Lore's records are not as clear or complete as they could have been, the Rosaleses' records were insufficient to allow a "just and reasonable inference" of the hours they worked. The Rosaleses admitted that their records were a reconstruction prepared after the termination of their employment. Jose Rosales also claimed that he had worked 12 or more hours per day, seven days a week, for several months. Such claims strain credibility, especially when considered in light of the testimony of Lore's witnesses that the tasks the Rosaleses were hired to perform took

less than two hours per day to complete. The magistrate judge did not clearly err by accepting Lore's records.

The Rosaleses also challenge the magistrate judge's conclusion that the mobile home that Lore provided them, rent-free, was sufficient to compensate them for their work. The magistrate judge accepted Lore's assertion that this trailer could be rented for $650 per month.

An employer generally may deduct the "reasonable cost" of board, lodging, or other facilities provided to employees. See 29 U.S.C. § 203(m). There are three methods an employer can use to ascertain whether any furnished facilities are part of "wages" within the meaning of 29 U.S.C. § 203(m); because Lore did not request a determination from either the Administrator of the Hour and Wage Division or the Secretary of Labor under the second or third methods, only the method described in 29 C.F.R. § 531.3 is relevant here. See id.; 29 C.F.R. § 531.33. The formula in 29 C.F.R. § 531.3 provides that the reasonable cost to the employer of furnishing his employees with lodging or other facilities is no more than the cost of operation and maintenance, including adequate depreciation, plus a reasonable allowance (not more than 5 1/2 percent) for interest on the depreciated amount of capital investment by the employer. 29 C.F.R. § 531.3(c). In order to substantiate "actual cost," an employer must "maintain and preserve" records of "itemized accounts showing the nature and

amount of any expenditures entering into the computation of the reasonable cost."  29 C.F.R. § 516.27(a)(1).

In the instant case, Lore failed to comply with the applicable regulations for determining the "reasonable cost" of the trailer.  Lore provided only her own unsubstantiated assertions that she could have rented the trailer for $650 per month.  We conclude that the magistrate judge clearly erred by accepting Lore's estimate of the fair rental value of the trailer and in deducting this amount from any wages owed to the Rosaleses.

The Rosaleses also challenge the magistrate judge's rejection of their supplemental state-law claim for breach of contract.  The magistrate judge found that, even if it was assumed that Lore had signed the letter/contract presented by the Rosaleses, there was no evidence that she had read or understood the import of the letter before signing.  The magistrate judge failed to address relevant Texas law that provides that a party to a contract is presumed to have read and understood its terms. See Estes v. Republic Nat'l Bank of Dallas, 462 S.W.2d 273, 276 (Tex. 1970) (absent a showing of "fraud or imposition," failure to read a contract before signing is not ground for avoidance); Castroville Airport, Inc. v. City of Castroville, 974 S.W.2d 207, 211 (Tex. App. 1998) ("Contracting parties are obligated to protect themselves by reading what they sign and are presumed, as a matter of law, to know the contract's terms.").  We conclude

that the magistrate judge erred in rejecting the Rosaleses

breach-of-contract claim on this basis.

For the reasons stated above, we VACATE the magistrate

judge's judgment and REMAND this case for further proceedings

consistent with this opinion.