

## NUMBER 13-10-207-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**RAJENDRAKUMAR GHANDI,** **Appellant,**

**v.**

**NAINESH GANDHI AND CHANDAN HOSPITALITY, LLC,** **Appellees.**

**On appeal from the 105th District Court
of Kleberg County, Texas.**

## MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes
Memorandum Opinion by Justice Vela**

This is an appeal from a partial summary judgment granted in favor of Nainesh Gandhi and Chandan Hospitality, LLC ("Nainesh"), appellees, and against appellant, Rajendrakumar Gandhi ("Rajendrakumar") in a suit alleging a cause of action for specific performance to purchase and sell a hotel in accordance with an executed contract.

Rajendrakumar also pleaded a cause of action for fraud in the alternative. The trial court severed the summary judgment from Nainesh's counterclaim for entitlement to the deposited earnest money and a claim for wrongful filing of a lis pendens, making the summary judgment final for purposes of appeal. Rajendrakumar raises three issues, complaining that the trial court erred in granting summary judgment. We reverse and remand.

## I. BACKGROUND

The petition, filed by Rajendrakumar against Nainesh, urged a cause of action for the specific performance of a contract to purchase and sell a hotel, or, alternatively, for fraud. Rajendrakumar owns a hotel in Kingsville, Texas which is immediately adjacent to the disputed property, the Econo Lodge Hotel ("hotel"), owned by Nainesh through his company Chandan Hospitality, LLC. In 2008, Rajendrakumar and Nainesh entered into negotiations to purchase and sell the hotel. After both parties had agreed to the sales price of $830,000, Rajendrakumar produced a form contract entitled "Earnest Money Contract," which Rajendrakumar's business partner and wife presented to Nainesh. Upon Nainesh's acceptance, both parties executed the contract on May 7, 2008. Paragraph four of the contract provides that the contract is contingent on financing, which must be obtained within ninety days from the date of signing. Paragraph ten, on the other hand, states that the closing shall take place no later than seventy-five days from the date of signing. We quote the following part of the contract as germane to this opinion:

2

4.    FINANCING: This Contract is contingent on the approval of a permanent loan for Buyer by a third party.   Purchaser shall have Ninety (90) days from the date of this contract in order to obtain financing.

10.    POSSESSION AND CLOSING:   The settlement or closing of the sale shall be on or before seventy-five days from the date hereof in the offices of Stewart Title Company of Corpus Christi, Texas.

14.    DEFAULT:  Upon failure of buyer to comply herewith, Seller may terminate this Contract and retain the Earnest Money as liquidated damages.   Upon Seller's failure to comply herewith, Buyer can enforce specific performance or may terminate this Contract, upon which event all Earnest Money will be returned to Buyer.

The contract further specified that $10,000 would be escrowed.   Rajendrakumar subsequently furnished Nainesh with an earnest money check, which was later endorsed to Kleberg County Title Company, a company different from that specified in paragraph ten of the earnest money contract.   On August 4, 2008, the eighty-ninth day after signing, Rajendrakumar was ready to close on the sale.   Nainesh, citing the seventy-five day closing provision in paragraph ten of the contract, refused to sell the property.   On September 26, 2008, Rajendrakumar subsequently filed suit seeking specific performance for the purchase and sale of the hotel and for additional economic and exemplary damages.   Rajendrakumar also pleaded, in the alternative, for a finding of fraud.   Nainesh answered the lawsuit and counterclaimed for the $10,000 deposited as earnest money and for wrongful filing of a lis pendens.

On June 3, 2009, Nainesh moved for partial summary judgment.   The motion detailed the facts and mentioned the cause of action pleaded—specific performance of the earnest money contract for the purchase and sale of the hotel.   The motion stated that Rajendrakumar should take nothing by his lawsuit because he breached the contract

by failing to close on the sale within seventy-five days as stated in the contract. In support of the assertion that the seventy-five day provision should govern, Nainesh alleged that the contract should be interpreted by either: (a) construing the contract against the plaintiff since he authored the contract and was the one with the most control over the stipulated verbiage; or alternatively by (b) finding that the contract was not binding because it either lacked mutual assent or because it lacked the necessary specificity; or by (c) holding that the express language in the contract should be given greater credence and overrule any general inferences to the contrary. The motion further sought recovery, as a counterclaim, of $10,000 for the earnest money deposit and requested a cancellation of the lis pendens. Nainesh alleged that because the contract should be construed against the plaintiff, that the earnest money, in accordance with paragraph fourteen of the contract, entitled him to terminate the contract and retain the earnest money. The motion was supported by the affidavit of Nainesh.

In response, Rajendrakumar argued that the motion was improper because the defendant failed to conclusively establish, as a matter of law, that he had breached the contract. Rajendrakumar also urged that the affidavit of Nainesh was improper summary judgment evidence because it was conclusory. Rajendrakumar further argued that the motion for summary judgment was improper because it was premature as material facts remained disputed and such facts should have been resolved prior to any such determination made on summary judgment.

Rajendrakumar contends that the determination regarding whether a mutual or unilateral mistake occurred is a question of fact. He also contends that because there

4

was no clause in the contract stating that time was of the essence, the summary judgment should not stand. Rajendrakumar argues that after the closing date lapsed, he had a reasonable time to close on the sale and such determination of reasonableness is a question of fact. The trial court granted Nainesh's motion for partial summary judgment. Rajendrakumar subsequently filed this appeal.

## II. STANDARD OF REVIEW

In a summary judgment case, the movant must show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215–216 (Tex. 2003); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). The movant has the burden of proof. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). A defendant who conclusively negates at least one essential element of the plaintiff's cause of action, or who conclusively establishes all of the elements of an affirmative defense, is entitled to summary judgment. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995); *Klentzman v. Brady*, 312 S.W.3d 886, 896–897 (Tex. App.—Houston [1st Dist.] 2009, no pet.). The burden to raise a fact issue shifts to the non-movant only after the movant has established that it is entitled to summary judgment as a matter of law. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989).

We review a traditional motion for summary judgment de novo. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007); *Valence Oper. Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.

5

1994).  We consider the evidence in the light most favorable to the non-movant and resolve all doubts in the non-movant's favor.  *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).  Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as a ground for reversal. *See* TEX. R. CIV. P. 166a(c); *City of Houston*, 589 S.W.2d at 677.

## III.  ANALYSIS

In issue two, Rajendrakumar contends that the trial court erred in granting summary judgment because a factual issue remained disputed that precluded a determination made on summary judgment.  Rajendrakumar alleged three arguments that potentially raised a fact issue:  (1) whether or not the contract was entered into by mutual mistake; (2) whether or not there was a unilateral mistake in which Nainesh knew about and remained silent; and/or (3) whether or not Rajendrakumar performed under the contract in a "reasonable" time, since the contract did not stipulate that time was of the essence.

Rajendrakumar first argues mutual mistake.  The law presumes that a written agreement correctly embodies the parties' intentions, and is an accurate expression of the agreement the parties reached in prior oral negotiations.  *See Estes v. Republic Nat'l Bank of Dallas,* 462 S.W.2d 273, 275 (Tex. 1970).  A mutual mistake of fact occurs when both parties to a transaction have a belief that a present fact exists, that actually does not exist, and that fact is material to the transaction.  *Valero Energy Corp. v. Teco Pipeline Co.*, 2 S.W.3d 576, 588–89 (Tex. App.—Houston [14th Dist.] 1999, no pet).  In order to establish the defense of mutual mistake, the defendant must raise a fact issue showing

6

that the contracting parties were acting under the same misunderstanding of the same material fact. *Johnson v. Conner*, 260 S.W.3d 575, 581 (Tex. App.—Tyler 2008, no pet.) (citing *N. Natural Gas v. Chisos Joint Venture I,* 142 S.W.3d 447, 456 (Tex. App.—El Paso 2004, no pet.)). Parol evidence is admissible to show that the writing, because of a mutual mistake, incorrectly reflects the true agreement. However, the affirmative defense is unavailable unless the party claiming mistake presents "clear, exact, and satisfactory evidence." *Estes v. Republic Nat'l Bank of Dallas*, 462 S.W.2d at 275. The question of mutual mistake is determined not by self-serving subjective statements of the parties' intent, but rather solely by objective circumstances surrounding execution of the contract. *Williams v. Blash*, 789 S.W.2d 261, 265 (Tex. 1990). The party asserting a mistake must prove what the true agreement was, but his case is not made by proof that there was an agreement which is at variance with the writing. He must go further and establish the fact that the terms or provisions of the writing, which differ from the true agreement made, were placed in the instrument by mutual mistake. *Estes v. Republic Nat'l Bank of Dallas*, 462 S.W.2d at 275; *see also Clemmens v. Kennedy*, 68 S.W.2d 32l, 324 (Tex. Civ. App.—Texarkana 1934, writ ref'd).

As summary judgment evidence, Rajendrakumar filed his own affidavit in which he averred that he and Nainesh discussed financing for the purchase and discussed that he would have ninety days to organize financing to purchase and close the deal. They agreed to use Kleberg County Title Company to escrow the earnest money funds and handle the closing. Rajendrakumar stated that at that time they again discussed the closing date that would occur within ninety days. Rajendrakumar also submitted the

affidavit of Jean Stewart, from the Kleberg County Title Company, as summary judgment evidence. She averred that on May 29, 2008, Kleberg County Title Company mailed a commitment for title insurance to Nainesh for his review. A closing date was subsequently set by the parties for August 4, 2008 to occur at Kleberg County Title. Rajendrakumar averred, and it is uncontroverted, that the parties agreed to use Kleberg County Title Company to escrow the earnest money funds and handle the closing. It is uncontroverted that they deposited $10,000 with Kleberg County Title. He also stated that on July 22, 2009, one day past the seventy-five day deadline that Nainesh now urges, a professional appraiser retained by ValueBank met with Rajendrakumar and Nainesh to inspect the property. A draft settlement was sent to the parties before the closing date, but Nainesh did not show up for the closing and did not notify the title company that he did not intend for the closing to occur on August 4, 2008.

Francis Stokes, senior vice president for ValueBank Texas, averred in an affidavit that it was his understanding that Rajendrakumar had ninety days to secure financing for his purchase. ValueBank Texas approved the financing request and was ready to fund the transaction.

Rajendrakumar alleged that the seventy-five day provision expressed in the contract resulted from either a mutual mistake of fact or from a unilateral mistake of which Nainesh was aware and purposefully remained silent. Rajendrakumar claims the understanding and intent of the parties create a fact issue which was impermissibly determined on summary judgment. We agree.

8

Nainesh's summary judgment evidence controverts Rajendrakumar's, suggesting that he relied on the seventy-five day provision in the contract and was ready to sell at that time. He averred that he subsequently decided not to sell the hotel. There is no evidence that Nainesh took any action to see that that the closing occurred within seventy-five days.

Although Rajendrakumar was the author of the contract, it is clear from the summary judgment evidence submitted that both parties, as well as all individuals who prepared affidavits and were involved in the transaction, mutually believed that the closing would occur within ninety days, and not seventy-five days as Nainesh now argues. It would be totally inconsistent for the parties to agree to close at Kleberg County Title, escrow funds there, and allow an appraiser to look at the property after seventy-five days had passed, if, indeed, Rajendrakumar had to close the deal within seventy-five days at a title company in Corpus Christi. It would also make no sense for Rajendrakumar to have ninety days to obtain financing for the property, yet be required to close within seventy-five days.

The summary judgment evidence is clear that both parties acted upon a belief that closing would occur within ninety days. The evidence submitted by Rajendrakumar is clear and exact. We hold that the summary judgment evidence creates a fact issue with respect to mutual mistake. Since there remains a genuine issue as to a material fact, a determination made on summary judgment was improper. TEX. R. CIV. P. 166a(c). We sustain issue two and hold that the trial court improperly granted summary judgment.

Rajendrakumar alleges in issue three that the notice of lis pendens was not improper and thus the trial court erred in the cancellation of such notice. A party is eligible to file a notice of lis pendens when they are a party to an action involving the title of real property and seeking affirmative relief. TEX. PROP. CODE ANN. § 12.007(a) (West Supp. 2010). Because the trial court determined that Rajendrakumar take nothing by his lawsuit, the lis pendens was cancelled. However, because the summary judgment is reversed and Rajendrakumar is seeking affirmative relief by his pleading for specific performance, the notice of lis pendens was not improper. We sustain issue three.

## IV. CONCLUSION

We conclude that the trial court erred by granting partial summary judgment. Having addressed all dispositive issues, the judgment of the trial court is reversed and remanded.

ROSE VELA
Justice

Delivered and filed the
4th day of August, 2011.