**AFFIRM; and Opinion Filed July 6, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00270-CV

**SULAIMAN THOBANI, Appellant**

**V.**

**RAHIM MITHANI AND KOSHI ENTERPRISES, INC. D/B/A SONSS AUTO, Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-06433**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

This is an appeal from an agreed final judgment rendered pursuant to a settlement agreement between appellant Sulaiman Thobani and appellees Rahim Mithani and Koshi Enterprises, Inc. d/b/a Sonns Auto. Thobani contends that the settlement agreement contains a scrivener's error and that the trial court erred (1) by refusing to require appellees to sign a "supplement" to the settlement agreement or, (2) alternatively, by refusing to reform the settlement agreement based on mutual mistake, and (3) by signing the agreed final judgment. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

## BACKGROUND

Thobani sued appellees over a business investment. During the litigation, the parties settled their differences and appellees agreed to repay Thobani over time. The parties' attorneys were not involved in the settlement negotiations and were not aware the parties had reached a settlement agreement.

On a Friday, Thobani informed his attorney that he had reached a settlement with appellees, gave his attorney the terms of the settlement, and instructed his attorney to prepare the settlement documents. Thobani's attorney prepared a settlement agreement and sent it to Thobani that same day. Thobani made changes to some of its terms and asked his attorney to make the revisions. After Thobani's attorney made the revisions, Thobani reviewed the settlement agreement and forwarded it to appellees. The following Monday, Thobani and appellees signed the settlement agreement. They also signed an agreed final judgment enforcing the settlement agreement. Although appellees' attorney signed the agreed final judgment that same day approving it as to form, Thobani's attorney did not sign it, and efforts to get him to sign it so it could be filed in court proved futile.

Meanwhile, several weeks later, Thobani discovered an alleged scrivener's error in the payment schedule contained in the settlement agreement. The settlement agreement required a payment upon signing, a payment in December 2014, no payments in 2015, and payments each month from January 2016 through March 2017. Thobani claimed that he and appellees did not agree to skip payments in 2015, and that the payments were to begin in December 2014, continue each month in 2015, and end in March 2016, not March 2017. Thobani contacted his attorney, who prepared and sent a "supplement" to appellees' attorney asking appellees to sign it to reflect the allegedly correct payment schedule. Appellees refused, contending that the settlement agreement did not contain an error.

–2–

Thobani filed a motion seeking an order compelling appellees to sign the "supplement." Alternatively, Thobani moved for reformation of the settlement agreement. In turn, appellees moved to enforce the settlement agreement as written.

The court held a hearing on the parties' respective motions. Thobani presented affidavit and live testimony; appellees did not. Thobani testified that the parties agreed that the payments would begin in December 2014 and continue for 14 consecutive months. He said the parties did not agree to skip payments in the year 2015 and that the payment due dates contained in the settlement agreement were due to a scrivener's error. He also testified, however, that he provided the terms of the settlement agreement to his attorney, he read the settlement agreement, he made changes with regard to interest payments and where the payments should be sent, and he presented the settlement agreement to appellees. Thobani testified that he and appellees discussed the terms of the settlement agreement before signing it and after he delivered the settlement agreement to appellees, they did not "ever indicate that the payment terms were incorrect as to what [they] agreed to[.]"

Thobani said the only part of the settlement agreement that he "take[s] issue with is the payment schedule[.]" He said when he received the agreement from his attorney, he "just did not pay attention to the terms of the agreement and it was an error on my part. But that was not what was agreed upon." He said the alleged error came to his attention when he "was doing my budget for the next year." He said he has "a daughter that is ready to go to law school, and I was not able to send her this year because of my financial situation. . . . I was trying to do the budgeting . . . . At that time when I started to sit down with my pen and paper, I noticed that there is an error there" and called his attorneys, who prepared the "supplement" to the settlement agreement.

The court denied Thobani's motion to order appellees to sign the "supplement," granted appellees' motion to enforce the settlement agreement, and signed the agreed final judgment previously signed by the parties. Thobani moved for a new trial raising the same grounds, which the court denied after a hearing. Thobani appeals.

## DISCUSSION

In three issues on appeal, Thobani contends that the trial court erred by (1) granting appellees' motion to enforce the settlement agreement and denying his motion to order appellees to sign the "supplement," (2) denying reformation of the settlement agreement, and (3) signing the agreed final judgment. We address issues one and two together.

Thobani argues that the payment schedule he and appellees agreed upon is not the same payment schedule contained in the settlement agreement and that the payment schedule was placed in the settlement agreement by a scrivener's error, or mutual mistake. He sought reformation of the settlement agreement by an order either requiring appellees to sign the "supplement" or reforming the settlement agreement.

"The law presumes that a written agreement correctly embodies the parties' intentions, and is an accurate expression of the agreement the parties reached in prior oral negotiations." *Estes v. Republic Nat'l Bank of Dallas*, 462 S.W.2d 273, 275 (Tex. 1970). "The underlying objective of reformation is to correct a mutual mistake made in *preparing* a written instrument, so that the instrument truly reflects the *original* agreement of the parties." *See Cherokee Water Co. v. Forderhause*, 741 S.W.2d 377, 379 (Tex. 1987). The party seeking to reform an agreement must show "(1) an original agreement and (2) a mutual mistake, made *after* the original agreement, in reducing the original agreement to writing." *Id*. "A mutual mistake is generally established from all of the facts and circumstances surrounding the parties and the execution of the instrument." *See Simpson v. Curtis*, 351 S.W.3d 374, 379 (Tex. App.—Tyler

–4–

2010, no pet.); *see also Estes*, 462 S.W.2d at 275; *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990). The party seeking reformation must show more than that the agreement varies from the terms to which the parties orally agreed. *See Estes*, 462 S.W.2d at 275. He must show also show that the terms were placed in the writing by mutual mistake. *Id*. We determine whether an agreement was prepared by mutual mistake based on our review of the objective circumstances surrounding the signing of the agreement. *See Glash*, 789 S.W.2d at 264; *see also Estes*, 462 S.W.2d at 275.

The evidence in this case showed that Thobani and appellees negotiated the terms of the settlement without input from their attorneys; Thobani gave the settlement terms to his attorney to draft the settlement agreement; Thobani's attorney drafted the settlement agreement and sent it to Thobani; Thobani read the settlement agreement, deleted the interest payment, changed the address where the payments would be sent, and returned it to his attorney; Thobani's attorney made the revisions and sent it to Thobani; Thobani read the revised settlement agreement and sent it to appellees; appellees never said that the payment schedule was incorrect; and all the parties signed the settlement agreement.

The settlement agreement contained provisions stating that Thobani "understands and agrees that by execution hereof, the terms of this Agreement are binding upon" him; that "he has approved all of the terms . . . of this Agreement as evidenced by [his] duly authorized signature"; the settlement agreement "constitutes the entire agreement and understanding of the Plaintiff and the Defendants . . . and supersedes all prior agreements, arrangements, and understandings related to the subject matter hereof"; and each party to the agreement "HAS READ THIS AGREEMENT . . . AND FULLY UNDERSTANDS IT."

The evidence also showed that Thobani "believed, at the time [he signed the settlement agreement, that it] accurately reflected the terms of the agreement between [appellees] and

–5–

myself"; he did not realize the payment dates were in error until several weeks later when he was preparing his budget for the year; his attorneys did not notice the error in the payment schedule; and appellees refused to sign the "supplement" prepared by Thobani's attorney because they did not agree that the settlement agreement contained an error.

Thobani contends that reformation was required because his affidavit and live testimony at the hearing were uncontroverted and presented "specific, exact and satisfactory evidence to satisfy both elements of reformation." We disagree. Mutual mistake is not shown by the "self-serving subjective statements of the parties' intent, which would necessitate trial to a jury in all such cases, but rather solely by objective circumstances surrounding execution of the" agreement. *See Glash*, 789 S.W.2d at 264. Thobani did not offer evidence that appellees agreed to payment terms that were different from those contained in the settlement agreement other than his own self-serving testimony and affidavit. *See id*.

Having reviewed the objective circumstances surrounding the execution of the settlement agreement, we conclude that the trial court did not err by denying Thobani's motion to order appellees to sign the "supplement," by granting appellees' motion to enforce the judgment, or by refusing to reform the settlement agreement. We resolve issues one and two against Thobani.

In issue three, Thobani argues that the trial court erred by signing the agreed final judgment enforcing the settlement agreement because he withdrew his consent before the judgment was signed. But Thobani did not argue or allege below that he had withdrawn his consent to the agreed final judgment or settlement agreement. Instead, he sought reformation of the settlement agreement to reflect the payment dates he contended were the correct payment dates. Because Thobani did not raise this issue below, we will not consider it for the first time on appeal. *See* TEX. R. APP. P. 33.1. We resolve issue three against Thobani.

**CONCLUSION**

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

150270F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SULAIMAN THOBANI, Appellant

No. 05-15-00270-CV      V.

RAHIM MITHANI AND KOSHI
ENTERPRISES, INC. D/B/A SONSS
AUTO, Appellees

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-06433.
Opinion delivered by Justice Lang-Miers.
Justices Francis and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees Rahim Mithani and Koshi Enterprises, Inc. d/b/a Sonss
Auto recover their costs of this appeal from appellant Sulaiman Thobani.

Judgment entered this 6th day of July, 2016.