# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60410

United States Court of Appeals
Fifth Circuit

**FILED**
March 27, 2017

Lyle W. Cayce
Clerk

MAKRIC ENTERPRISES, INCORPORATED,

Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee

Appeal from the Decision of the
United States Tax Court
(1017-13)

Before STEWART, Chief Judge, and JONES and OWEN, Circuit Judges.

PER CURIAM:*

Makric Enterprises, Inc. ("Makric") appeals an adverse Tax Court determination concluding that there was no mutual mistake and that the Internal Revenue Service ("IRS") properly imposed an accuracy-related penalty under I.R.C. § 6662. Having carefully reviewed the briefs and pertinent portions of the record and heard oral argument, we **AFFIRM**.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

Mark Kisner, Rickey Williams, and Jim Wilson ("Makric Shareholders") owned 100% of the stock of Makric, a holding company, which in turn solely owned 100% of the stock of Alpha Circuits, Inc. ("Alpha"), an operating company. Mark Kisner served as the CEO of Makric and Mike Baudler as its CFO. The Makric Shareholders sought to sell Alpha to TS3 Technology, Inc. ("TS3"). GulfStar Group Investment Bankers and Gary Miller, counsel, represented Makric and the Makric Shareholders in the sale. Originally the sale was designed as a two-step process: (1) Makric would be dissolved, and (2) the Makric shareholders would sell Alpha stock directly to TS3. The initial drafts of the stock purchase agreement reflected such an arrangement, but the Makric Shareholders were advised this would not have the desired tax consequences. The Makric Shareholders determined that their preferred structure would be a sale of the stock of Makric, which owned 100% of Alpha, to TS3. Subsequent stock purchase agreement drafts, however, created an arrangement whereby TS3 would purchase the Alpha stock directly from Makric, leaving the Makric Shareholders holding their Makric stock. The executed version of the stock purchase agreement and multiple ancillary documents confirmed this mechanism. The Makric Shareholders contend that although one of them read these drafts where Makric was selling its shares of Alpha, they believed they were actually selling their shares in Makric. The Tax Court found that representatives for TS3 had been willing to structure the sale in a way that would meet the tax objectives of the Makric Shareholders.

The Makric Shareholders and Makric, filed tax returns erroneously reflecting a sale of Makric stock to TS3. In November 2012 the IRS issued a Notice of Deficiency to Makric for the 2008 tax year. Makric filed a petition challenging the deficiency and the Tax Court heard the case and entered a detailed Memorandum Finding of Facts and Opinion in March 2016, which

No. 16-60410

upheld the IRS's position.  Makric appeals, alleging the Tax Court erred in (1) determining that there was no mutual mistake affecting the form of the sale, and (2) rejecting Makric's argument that it qualified for the good faith or reasonable cause exception to the accuracy-related penalty.

## II.

This court reviews Tax Court findings on issues of law *de novo* and findings of fact for clear error.  *Park v. Commissioner*, 25 F.3d 1289, 1291 (5th Cir. 1994).  Makric's appeal raises issues of fact that are reviewed for clear error.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Rutter v. Commissioner*, 853 F.2d 1267, 1272 (5th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 68 S. Ct. 525 (1948)).

## III.

Makric first contends that the Tax Court should have authorized a reformation of the transaction to remedy the parties' mutual mistake in structuring the sale.  "There are two basic requirements which must be met before the remedy of reformation is granted: first, the party claiming the relief must show what the parties' true agreement was, and second, he must show that the instrument incorrectly reflects that agreement because of a mutual mistake."  *Estes v. Republic Nat. Bank of Dallas*, 462 S.W.2d 273, 275 (Tex. 1970).  "[R]eformation is unavailable unless the party claiming mistake presents 'clear, exact, and satisfactory evidence,' that he is entitled to it.  *Id.* (quoting *Sun Oil Co. v. Bennett*, 125 Tex. 540, 84 S.W.2d 447 (1935)). Appellant fails to show that the Tax Court was clearly erroneous in its determination that Makric did not meet the high standard.  Makric points only to a general stated desire for the transaction to have favorable tax consequences and a single email from Kisner, Makric's CEO, which stated that

No. 16-60410

"The purchase will be MakRic which owns 100% of Alpha's shares." The Tax Court and Commissioner rely on twelve versions of the purchase agreement, supporting documentation, and the affidavit of TS3's chairman. In this case, interested testimony and an ambiguous email are insufficient to establish clear error on the part of the Tax Court.

Turning to the accuracy-related penalty and good faith or reasonable cause exception, the appellant again fails to show clear error. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances." 26 C.F.R. § 1.6664-4. While the Tax Court determined that Kisner reviewed the documents and still walked away with an incorrect view of the contract, reviewing alone is not automatically reasonable in light of all of the facts and circumstances. The form of the transaction was not complicated, Kisner was advised by counsel and an investment banking group, and he could have even given his CPA a copy of the executed agreement, instead both Kisner and Baudler incorrectly instructed the CPA as to the form of the transaction. It is important that taxpayers take reasonable precautions to ensure that they determine their tax liability properly, and for a $16.5 million dollar purchase, the appellant has failed to show the Tax Court clearly erred in determining that Makric did not take such precautions.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the opinion of the Tax Court.