# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2022

Lyle W. Cayce
Clerk

No. 21-20344
Summary Calendar

---

Chiara Ettorre, *Individually and on behalf of all others similarly situated under 29 U.S.C. 216(b)*,

*Plaintiff—Appellee*,

*versus*

Russos Westheimer, Incorporated,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-245

---

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Chiarra Ettorre sued her former employer Russos Westheimer, Inc. for improperly claiming a tip credit on her wages and making an unreasonable deduction from her paychecks in violation of the Fair Labor Standards Act

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20344

(FLSA). She asserted Russos was not permitted to claim a tip credit because it failed to inform her it would do so as the FLSA requires. She also sought reimbursement of Russos' $10 biweekly "linen fee" because it was an unreasonable cost for the laundering of her uniform apron. On cross-motions for summary judgment, the district court concluded Russos failed to produce evidence that it notified Ettorre of the tip credit or that its linen fee was a reasonable cost for laundering her apron such that it could be counted as part of her wages. It therefore granted Ettorre's motion, denied Russos', and awarded Ettore liquidated damages and attorney's fees. In this appeal, Russos still points to no evidence to meet its burden to show its entitlement to the tip credit or the linen fee deduction. Therefore, we AFFIRM.

## I.   BACKGROUND

Ettorre was employed as a server at a pizza restaurant owned and operated by Russos in Houston, Texas from May 2016 until she was fired in December 2018. Russos paid Ettorre $2.13 per hour plus tips. When she was hired, Ettorre did not receive an employee handbook or explanation of her wages. She was told, however, that she could keep all of her tips but was still required to contribute 10% of her tips to the bussers on her shifts. For all of Ettorre's hours, Russos claimed a tip credit pursuant to the FLSA.

Russos required its servers, including Ettorre, to wear aprons during their shifts. After their shifts, servers left their aprons at the restaurant to be laundered. To cover the cost of laundering the aprons, Russos deducted $10 from each of Ettorre's biweekly paychecks. Her paychecks labeled the deduction as a "linen fee."

The linen fee also covered the cost of providing unlimited soft drinks to employees during their shifts. Russos claims the linen fee also covers the cost of providing free meals to employees during their shifts. Ettorre testified that the meal policy "changed a couple of times" but towards the end of her tenure employees were permitted to have a meal during their shifts.

Regardless, there is no evidence showing the linen fee covered the free meals. Even Russos' corporate designee testified that the linen fee only covered the laundering of aprons and unlimited fountain drinks.

After Ettorre was fired, she sued Russos. She alleged Russos failed to provide her with the requisite notice before claiming a tip credit on her wages. She also alleged the linen fee was an improper deduction from her paychecks. Russos claimed Ettorre knew about the tip credit and that the linen fee was reasonable and proper. Both parties moved for summary judgment.

The district court granted Ettorre's motion and denied Russos'. Although there was evidence that Ettorre was told she could keep all of her tips, the district court stated there was no other evidence to show Russos complied with the other required notices including informing Ettorre of her base wage, that Russos would claim a tip credit of no more than $5.12, the tip credit cannot exceed the amount of tips received, and that if her tips do not raise her base wage to the minimum wage, the Russos must make up any difference. On the linen fee, the district court concluded the cost to launder aprons was categorically unreasonable, and insofar as the linen fee covered meals and drinks, Russos had failed to produce sufficient records to show how much those benefits cost to determine whether Russos could deduct the full $10 from each biweekly paycheck. The district court then held Russos was liable for the full amount of the tip credit claimed for each hour Ettorre worked and for the $10 linen fee deducted from each biweekly paycheck.

The district court ordered the parties to brief whether liquidated damages were appropriate. After Russos brief focused on relitigating the merits of Ettorre's claims, the district court determined Russos failed to show it acted in good faith and imposed liquidated damages. The district court also ordered Russos to pay Ettorre's attorney's fees. Russos appeals the judgment and all four determinations.

## II.  DISCUSSION

Because Russos failed to produce evidence of its compliance with the FLSA or its good faith, we affirm the district court's judgment. We review a district court's grant of summary judgment de novo. *See Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 256 (5th Cir. 2018). We must apply the same legal standards as the district court. *See Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017). Summary judgment is proper "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)

We begin with Ettorre's notice claim. Pursuant to the FLSA, employers must pay employees minimum wage—currently set at $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). The FLSA contains an exception which permits employers to pay "tipped employees" less than the minimum wage—$2.13 per hour—when the tipped employees' tips make up the difference to the minimum wage. § 203(m). The employer's discount is called the "tip credit." *See id.*; *Montano v. Montrose Rest. Assocs., Inc.*, 800 F.3d 186, 188 (5th Cir. 2015).

To claim this discount, however, employers must comply with several mandates. Relevant to this case, an employer must inform tipped employees of its use of the tip credit including the amount of the employee's cash wage, the amount of the tip credit claimed by the employer, that the amount claimed may not exceed the value of the tips actually received, that all tips received must be retained by the employee except for a tip pooling arrangement limited to employees who customarily and regularly receive tips, and that the tip credit shall not apply to any employee who has not been informed of all of these requirements. *See* § 203(m); 29 C.F.R. § 531.59(b). If an employer fails to comply with § 203(m)'s requirements, it "must be

divested of its statutory tip credit for the relevant time period." *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 246 (5th Cir. 2016).

The employer bears the burden to prove it is entitled to the tip credit. *See Montano*, 800 F.3d at 189. Here, Russos appeals the district court's grant of Ettorre's summary judgment motion on her notice claim. Even so, because Russos has the burden to prove its entitlement to the tip credit, including notice, Ettorre only needed to produce evidence that negates the fact that Russos provided her notice or point out that the evidence contains insufficient proof of Russos providing her notice. *See Celotex Corp v. Catrett*, 477 U.S. 317, 323–24 (1986) ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'. . . Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.').

Ettorre produced her own affidavit in which she declared she was not told about the tip credit or any of the required components of the tip credit provision. Then Ettorre produced the deposition of Russos' corporate designee who did not know whether the restaurant notified Ettorre of the required elements to claim the tip credit, and admitted she did not think there was a company policy of telling employees about their wages when they are hired. Based on this evidence, Ettorre produced sufficient evidence to bring her motion for summary judgment based on Russos' failure to notify her of the tip credit elements.

In response, Russos produced nothing to show it informed Ettorre of tip credit requirements. Russos merely stated *in its brief* that Ettorre admitted she was told about the tip credit elements and that it provided her with an employee handbook. But Russos mischaracterizes the evidence.

The portion of Ettorre's deposition that Russos relies on is merely her statement that she was paid $2.13 per hour while she was employed at Russos. At best, the questioning shows that Ettorre *knows* how much she was paid. It does not suggest Ettorre was *told by her employer* that she would be paid $2.13 per hour. Nor does it suggest that Ettorre knew she would be paid $2.13 before she was actually paid that amount. And we agree with the many courts that have recognized that an employer must affirmatively inform its tipped employees of the tip credit components. *See, e.g.*, *Martin v. Tango's Restaurant, Inc.*, 969 F.2d 1319, 1323 (1st Cir. 1992); *Bernal v. Vankar Enterprises, Inc.*, 579 F. Supp. 2d 804, 808–09 (W.D. Tex. 2008) (granting employee's motion for summary judgment because employer did not counter motion "with any evidence that [it] affirmatively informed each server" of the tip credit requirements). Russos, however, produced no evidence to show that it did so.

As for the employee handbook, there is only evidence that there were copies of the handbook in the restaurant. There is no evidence that Russos gave a copy of the handbook to Ettorre and in fact, her testimony says the opposite. And importantly, there is absolutely no evidence showing what was *in* the employee handbook. Without evidence Ettorre received a handbook, that the employee handbooks contained the requisite tip credit notifications, or that the handbooks are always given to new hires as a matter of practice, there is no basis to conclude the employee handbook provided the requisite FLSA notice in this case.

Russos has still failed to identify any evidence to support its claim that it informed Ettorre of the tip credit elements. Russos has therefore failed to meet its burden at summary judgment to show that there is a genuine issue for trial on an issue that it bears the burden of proof.

Russos fares no better on Ettorre's linen fee claim. The linen fee deduction violates § 203(m) unless the "facilities" it covers counts as a "wage." An employer may count towards wages, "the reasonable cost . . . of furnishing [an] employee with board, lodging, or other facilities, if [they] are customarily furnished by [the] employer to his employees." § 203(m)(1). "Reasonable cost" means the "actual cost" to the employer and does not include any profit to the employer. 29 C.F.R. § 531.3(a)–(b). And any facility provided that is "primarily for the benefit or convenience of the employer" is not a reasonable cost. *Id.* § 531.3(d)(1). The cost of uniforms and their laundering is primarily for the benefit of the employer and is thus unreasonable. *Id.* § 531.3(d)(2)(iii).

An employer has the burden to "maintain and preserve records substantiating the cost of furnishing" a facility. 29 C.F.R. § 516.27(a). Separate and individualized records are not required but the records should be sufficient to permit the determination of the actual cost to the employer. *See id.*

Russos contends the linen fee covered the laundering of employees' aprons, unlimited fountain drinks, and a meal for each employee each shift. The cost of laundering the employees' aprons is unreasonable as stated in the Department of Labor regulations. *See* § 531.3(d)(2)(iii). So any cost deducted from Ettorre's paychecks for laundering her aprons violates the FLSA. The cost of laundering her aprons must therefore be returned to Ettorre.

But the linen fee also included unlimited fountain drinks during shifts, and for argument's sake,[1] the cost of employee meals. As the district court

---

[1] There is no evidence that the linen fee covered the cost of employee meals. In fact, Russos did not mention meals until its *response* to Ettorre's motion for summary judgment. It didn't even mention it in its own motion for summary judgment. Also, Russos' corporate designee testified that meals were not part of the linen fee. And although Ettorre

noted, Russos failed to keep sufficient records of the actual cost of the meals it provided to Ettorre or other employees. 29 C.F.R. § 516.27(a). The only evidence Russos provided was a copy of its menu. This, however, fails to account for the requirement that Russos only deduct the "actual cost" of providing meals and that it cannot include any "profit." 29 C.F.R. § 531.3(a)–(b). A menu that offers prices to paying customers can only lead to an inference that the prices listed therein are at a profit. It would be unreasonable to infer that Russos charged a price equal to its actual cost to make the food. We agree with the district court that the menu was insufficient evidence of reasonable costs for the facility of employee meals. *Cf. Rosales v. Lore*, 149 F. App'x 245, 247 (5th Cir. 2005) (stating district court clearly erred when merely accepting the employer's statement of the fair rental value of a trailer rather than substantiating the actual cost of the trailer); *Herman v. Collis Foods, Inc.*, 176 F.3d 912, 920 (6th Cir. 1999) (concluding employer reasonably substantiated the actual cost of its meal program by providing the average cost of food with records of the cost of food purchased, operating costs, and notes on whether food was to be consumed by customers or employees).

Russos points to no other evidence on appeal to show how much it spent on laundering, unlimited fountain drinks, or meals. Because Russos bears the burden of keeping proper records to substantiate the cost of the facilities it offers in the linen fee, and at least some of the cost is unreasonable, there is no way to delineate a permissible deduction from the impermissible deduction. The district court's conclusion that the entire linen fee should be treated as an impermissible deduction when the costs of the different

testified that a meal was offered *towards the end of her tenure*, her testimony does not show that the linen fee covered that meal. Despite Russos' contention, there is no evidence to support the meals' being covered by the linen fee.

facilities could not be substantiated was entirely appropriate. *See Brennan v. Veterans Cleaning Serv., Inc.*, 482 F.2d 1362, 1370 (5th Cir. 1973) ("Since some of the deductions . . . were shown to be invalid, the district court properly treated all deductions as invalid which could not be segregated from the [invalid] deductions.").

On the liquidated damages award, we conclude the district court did not abuse its discretion because Russos failed to meet its burden to show it acted in good faith. The award of liquidated damages is reviewed for an abuse of discretion. *See Steele*, 826 F.3d at 246. An employer who violates the FLSA's minimum wage provision is liable for the unpaid compensation and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). There is an exception to liquidated damages when the employer shows its actions were in good faith and had reasonable grounds for believing its actions did not violate the FLSA. *See* 29 U.S.C. § 260. An employer "has the substantial burden of proving to the satisfaction of the trial court that its acts giving rise to the suit are both in good faith and reasonable." *Steele*, 826 F.3d at 247 (citation and internal quotation marks omitted).

The district court gave the parties additional time to brief the liquidated damages issue after it granted Ettorre's motion for summary judgment. Rather than attempt to meet its burden to show it acted in good faith, Russos' brief relitigated the merits. It also produced an affidavit stating it was Ettorre's responsibility to input her tips and "comped meals" into the computer system. This does nothing to show whether Russos acted in good faith in failing to notify Ettorre of the tip credit and making invalid deductions from her paychecks.

Because Russos did nothing to meet its "substantial burden" to show it acted in good faith, we conclude the district court's award of liquidated damages was not an abuse of discretion.

No. 21-20344

We also affirm the award of attorney's fees because Russos simply argues the award "presupposes liability." The award of attorney's fees under the FLSA is reviewed for an abuse of discretion. *See Gurule*, 912 F.3d at 258 (reviewing FLSA attorney's fee award based on the lodestar for abuse of discretion). Pursuant to the FLSA, "an employer who violates the statute is also required to pay attorney's fees." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013); 29 U.S.C. § 216(b). Russos' brief argues only that "the district court's award of . . . attorneys' fees . . . presupposes Russo's liability under the FLSA. Without it, the award cannot stand." Unfortunately for Russos, the district court held it was liable and those liability holdings are affirmed here. Without any other argument to disturb the award of attorney's fees, we find no abuse of discretion.

## III.   CONCLUSION

Russos has failed to produce evidence to show either its compliance with the FLSA or that its illegal actions, in failing to notify Ettorre of the tip credit provisions and deducting an unreasonable fee from her wages, were nonetheless taken in good faith. We accordingly AFFIRM the district court's judgment in all respects.